GEORGE A. MONTAG, Appellant, *v.* JAMES J. LINN, Appellee.

### APPEAL FROM ADAMS.

The form of acknowledgment of a deed executed out of the State, as required by our statute, must be followed.

The officer taking the acknowledgment must certify that the subscribing witness is known, or has been proved to him, as the real person. There must be entire conformity with the requisitions of the law of this State, or of the State where the acknowledgment is taken. The laws of two States cannot be united to give it force.

THIS was an action of ejectment commenced on 1st day of April, 1856, by Linn against Montag, by service of a declaration in the usual form. The land in controversy was the S. E. 25, 2 S., 8 W., in Adams county.

Declaration was filed in the Adams Circuit Court, on 2nd April, 1856, and on the same day, appellant plead not guilty, on which, appellee joined issue.

At the October term, 1857, of said Adams Circuit Court, the cause was tried before SIBLEY, Circuit Judge, and a jury, who, under the instructions of the court, found a verdict for appellee. Appellant entered a motion for a new trial, which was overruled, and judgment rendered, that appellee recover the premises in controversy and his costs, and that a writ of possession issue.

Appellant prayed an appeal, which was allowed and perfected, and a bill of exceptions was also taken, filed, and made part of the record.

The bill of exceptions shows that plaintiff, the present appellee, proved that the land aforesaid was, on 26th of February, 1818, patented to John Silver for military services in the war with Great Britain, of 1812. Appellee then read in evidence a deed from John Silver to Albert W. Noyes, for said land, dated 11th January, 1855, and recorded in circuit clerk's office, Adams county aforesaid, on *24th January*, 1856, and also a deed for said premises, from said Noyes to appellee, and rested his case.

Appellant, for the purpose of showing paramount title in himself to said premises, read in evidence, appellee objecting thereto, a deed for the said premises, from John Silver to Joseph B. Cofield, dated 18th January, 1850, and the following certificate of acknowledgment on said deed:

UNITED STATES OF AMERICA. Before me, Samuel Badger, Notary Public for the Commonwealth of Pennsylvania, residing in the city of Philadelphia, duly commissioned and sworn, personally appeared Isaac Reeder, to me personally known, a resident of said city, and made solemn oath in due form, that he knows John Silver, the individual whose name is subscribed to the within deed of conveyance, and was present at the execution of the same by the said John Silver, whom

he saw sign, seal and acknowledge the same as his act and deed, and that he, the
said Isaac Reeder, subscribed his name as a witness thereto : of all which an attestation being required, I have given this under my hand and notarial seal, this 18th day of January, A. D. 1850. The name of John Silver in the fourth line of this acknowledgment being first cancelled, and Isaac Reeder interlined, and Isaac Reeder in the fifth line cancelled, and John Silver interlined.

[ Notarial Seal. ]

S. BADGER, <em>Notary Public.</em>

Said deed was sealed and delivered in presence of Isaac Reeder and Andrew Miller, as subscribing witnesses, and was duly recorded in the office of the clerk of the Circuit Court of Adams county aforesaid, on 26*th February,* A. D. 1850.

Appellant also, in connection with said deed, read in evidence from printed statutes of State of Pennsylvania, a law of said State, passed 28th May, 1715, and also a law of said State, passed 18th March, 1775, providing for the proof of deeds by a subscribing witness.

Appellant also read in evidence, deeds in due form for said premises, from Joseph B. Cofield to appellant, and rested his case.

The court, on motion of appellee, then excluded from the jury said deed of John Silver to Joseph B. Cofield, and all other evidence offered by appellant, and instructed the jury that appellee was entitled to recover.

Appellant excepted to the exclusion of said evidence and the giving of said instruction.

Appellant moved for a new trial because the court refused to permit legal and proper evidence to go to the jury ; the court overruled said motion, and rendered final judgment on said verdict, to which appellant excepted.

The appellant assigns for error :

1. The excluding said deed from John Silver to Joseph B. Cofield, with the proof of record thereon, from the jury.

2. The excluding said deed and all other evidence, from the jury.

3. Instructing the jury that appellee was entitled to recover.

4. Overruling appellant's motion for a new trial.

Williams, Grimshaw & Williams, for Appellant.

Wheat & Grover, for Appellee.

Breese, J. The only question in this case is, as to the sufficiency of the proof of the execution of the deed from John Silver to Joseph B. Cofield, dated January 18, 1850.

The proof is made before a notary. It is quite uncertain

where it was made, no venue being given, except "United States of America." For aught that appears on its face, and giving full force to every statement in it, an inference might be allowed, that it was not made in the city of Philadelphia, though the notary might reside there. It is too indefinite. *Vance* v. *Schuyler et al.,* 1 Gilm. R. 163, 164.

But the fatal objection is, that the proof taken is not in the form required by our statute. R. S. ch. 24, sec. 20. This section is an exact copy of the 11th section of the act of 1827, (Laws 1827, p. 98), and quoted at length in the case of *Adams* v. *Bishop & Williams,* ante.

No evidence is furnished by the notary's certificate, that he ascertained, either from his own knowledge or from the testimony of a credible witness, that Reeder was the subscribing witness. The notary only states, that he personally knows Reeder as a resident of the city of Philadelphia, and not as a subscribing witness to the deed. This defect cannot be aided by reference to the law of Pennsylvania, as the proof is not made before an officer authorized by the law of that State to take such proof. We have said, in the case of *Adams* v. *Bishop & Williams,* ante, that our law cannot be united with the law of another State, so that, by their joint operation, an acknowledgment, defective under either one of the laws, may be rendered sufficient. The proof of the execution of a deed rests on the same principle. This proof, then, not conforming to our law, as to the form, and not before the proper officer as required by the law of Pennsylvania, is insufficient. There must be entire conformity with the one law or the other, in the officer, as well as in the form used. *Job et al.* v. *Tibbets,* 4 Gilm. R. 148.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*