DAVID A. SCOTT, as Assignee, etc., Respondent, *v.* HARRISON MILLS, as Sheriff, etc., Appellant.

Where a general assignment for the benefit of creditors is subscribed and acknowledged by both the assignor and assignee before the same is recorded, this is a sufficient assent to its terms to meet the statutory requirement (§ 2 chap. 466, Laws of 1877; § 2, chap. 294, Laws of 1888) that "the assent of the assignee, subscribed and acknowledged by him, shall *appear in writing* embraced in, or at the end of or indorsed upon, the assignment before the same is recorded."

Reported below, 45 Hun, 263.

(Argued June 11, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 1, 1887, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This was an action of replevin to recover certain property to which plaintiff claimed title, under and by virtue of an assignment for the benefit of creditors, executed by William C. Lawson, as assignor, and by plaintiff, as assignee.

The facts, so far as material, are stated in the opinion.

*E. Countryman* for appellant. The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in or at the end of or indorsed upon the assignment, before the same is recorded, and, if separate from the assignment, shall be duly acknowledged. (Laws of 1877, chap. 466, § 2 ; Laws of 1888, chap. 294, § 2 ; 4 R. S. [8th ed.] 2536, § 2, *Johnson's Case,* 49 N. Y. 455 ; *McCluskey* v. *Cromwell,* 11 id. 593, 601, 602 ; *Benton* v. *Wickwire,* 54 id. 226 ; *Hyatt* v. *Taylor,* 42 id. 258, 260 ; *Rosenplanter* v. *Roessle,* 54 id. 262, 265 ; Laws of 1860, chap. 348, § 1 ; *Fairchild* v. *Gwynne,* 16 Abb. 23, 30 ; *Hardmann* v. *Bowen,* 39 N. Y. 196 ; *Britton* v. *Lavery,* 45 id. 51 ; *Kerchiers* v. *Schloss,* 49 How. 284 ; *Royer Wheel Co.* v. *Fielding,* 31 Hun, 274, 281 ; *Rennie* v. *Bean,* 24 id. 123 ; *Noyes* v. *Wernberg,* 15 Abb. N. C. 164 ; *Smith* v. *Boyd,* 10 Daly, 149, 151 ; *Schwartz* v. *Soutter,* 41 Hun, 323 ; *Warner* v. *Jaffray,* 96 N. Y. 248 ; *Bloomingdale* v. *Seligman,* 18 St. Rep. 64.) The statute having introduced and established a new method of executing such an instrument, has thus impliedly prohibited any other method of execution. (*Hardmann* v. *Bowen,* 39 N. Y. 196, 199 ; *Fairchild* v. *Gwynne,* 16 Abb. 23, 30, 31 ; *Kerchiers* v. *Schloss,* 49 How. 284 ; Potter's Dwar. on Stat. 72 ; 1 Plowd. Rep. 206 a ; Endlich on Stat. §§ 431–434.) The statute requires the assent or acceptance of the assignee to be expressed in writing. (*Crosby* v. *Hilyer,* 24 Wend. 280 ; *Moir* v. *Brown,* 14 Barb. 39, 44 ; Burrill on Assign. [3d ed.] §§ 258–260, 265–269 ; *Fairchild* v. *Gwynne,* 16 Abb. 30, 31 ; *Rennie* v. *Bean,* 24 Hun, 125, 126.) The design of the statute was to dispense with a formal delivery of the instrument after its proper execution and acknowledgment. ( *Warner* v. *Jaffray,* 96 N. Y. 252.) Simply subscribing to and acknowledging the ordinary form of an indenture is not subscribing or acknowledging an assent in writing to the assignment. (*Clark* v. *Lamoreux,* 70 Wis. 508, 510, 511 ; *Fuhrman* v. *Jones,* 68 id. 497; *Wadleigh* v. *Merkle,* 57 id. 517.)

*M. H. Hirschberg* for respondent. The original assignment was valid and passed the title on its delivery. (Laws,

1877, chap. 466, § 2 ; 3 Washburn on Real Property, 310, 311 ; Touchstone, 52, 53.) The assent of a party to an act appears in writing when he voluntarily becomes a party to a written instrument which recognizes and approves such act. (*Connerais* v. *Wesselhoeft*, 114 Mass. 550 ; *Anderson* v. *Goldsmidt*, 103 N. Y. 617 ; Adam's Equity, 37 ; *Wallace* v. *Berdell*, 97 N. Y. 13.) If any defect existed in the assignment, it was cured by the formal assent executed and recorded before the levy. (*Warner* v. *Jaffray*, 96 N. Y. 248 ; *Nicoll* v. *Spowers*, 105 id. 1 ; *S. B. & N. Y. R. R. Co.* v. *Collins*, 57 id. 641 ; 1 Abb. N. C. 47 ; *Brennan* v. *Willson*, 71 N. Y. 502.) The burden is not on the plaintiff to establish the *bona fides* either of the assignment or the preferences. (*Shultz* v. *Hoagland*, 85 N. Y. 464 ; *Kennedy* v. *Thorp*, 51 id. 174.)

FINCH, J. The validity of the debtor's assignment is assailed on the sole ground that the assent of the assignee was not manifested in the manner now provided by law. The statute requires that "the assent of the assignee subscribed and acknowledged by him shall *appear in writing* embraced in or at the end of or indorsed upon the assignment before the same is recorded, and if separate from the assignment shall be duly acknowledged." (Laws of 1877, chap. 466, § 2 ; Laws of 1888, chap. 294, § 2.) The assignment here in question was in the usual form and was executed and delivered to the assignee on the 20th day of January, 1885, who thereupon took possession of the property ; and was subscribed and acknowledged both by the assignor and assignee before its record in the proper office, which was on the day after its execution. Certain creditors of the assignor thereafter caused a levy to be made upon the property assigned, and the sheriff has been sued for an unlawful taking of the goods. His levy has been adjudged wrongful and judgment has gone against him for the value of the property so seized.

The levy is sought to be justified upon the ground that the signature of the assignee to the assignment was not such an assent in writing as the statute requires. The criticism is that

the assent manifested by the signature of the assignee is a matter of inference merely, while the statute requires it to be expressed in writing. The objection is extremely narrow and technical, and not justified by the language of the statute. That does not require that a formal assent in any particular words or language shall be written out in the instrument, or outside of it, but that the assent of the assignee, subscribed by him, "shall *appear*" in writing, embraced in, or at the end of or indorsed upon, the assignment, unless manifested by a separate paper. When the assignee subscribes the assignment his assent to its terms does "appear." It is not matter of inference, but an expressed assent which appears upon the face of the paper. If a formal acceptance had been written out on a separate paper, his signature to that paper would be an assent to its terms, and so his signature to the assignment is an assent to its terms; and when those terms provide that the property shall be assigned to him in trust, to be disposed of by him in a certain way, he assents by his signature to the duty and the trust which the instrument imposes upon him, and that assent is as clearly expressed as if he had assented by a separate paper. The statute does not require such a separate assent. It may be "embraced in" the assignment; and is embraced in it when the assignee appends his signature. In the face of that he could not deny the acceptance of the trust, he could not say that he had not assented to the transfer of the property to himself for the purposes and upon the conditions of the deed, or assert that he never agreed to accept the transfer. What more does the statute require? The assignment is an indenture. It describes itself as such. It purports to be made, not by Lawson, the assignor, alone, but *between* him and the assignee, and so explicitly declares that there is a contract on both sides, acts done or to be done and covenants to be performed by each party. The indenture then goes on to specify what these are. The assignor transfers the property, but upon trusts which impose duties and obligations towards the assignor and his creditors upon the assignee. The signatures of the two parties express their

assent to all that is contained in the instrument, and, there-
fore, to an agreement to do and perform, each for himself,
the duties and obligations which on the face of the paper
pertain to each respectively.

I do not agree with the learned counsel for the appellant
that the design of the statute was to dispense with a delivery
of the instrument after its proper execution and acknowledg-
ment, but I do agree with him in his further statement that
the apparent object was to compel the parties to produce
written evidence that would prove itself of all the essential
acts to a perfect and complete transfer of the property to the
assignee. All that was fully accomplished in the present case.
The record of the assignment was presumptive evidence of
its delivery, and the assent of the parties to all its terms was
manifested by the form of the indenture and the subscription
of both parties to it.

No other question is raised on this appeal.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.