JOHN FRANEY, Respondent, *v.* HEMAN T. SMITH et al., Appellants.

In an action to set aside an assignment for the benefit of creditors, on the ground that it was not properly executed by the assignors or assented to by the assignee, it appeared that the assignment was drawn on Saturday; it preferred creditors who, the instrument stated, were " designated in the schedule hereto annexed, marked B." Said schedule was prepared at the same time, and was headed " Schedule B., referred to and forming a part of the annexed assignment." The schedule was not actually annexed, but the assignors executed both papers at the same time and acknowledged their signature to the assignment, and one of them acknowledged his signature to the schedule. The officer who took the acknowledgment, who was also the attorney who drew the instruments, wrote upon the assignment a certificate of acknowledgement; the assignee wrote upon it and signed his formal acceptance of the trust, but did not acknowledge his signature. The assignment, with the schedule, was at the same time delivered to the assignee; the assignment was mailed to the county clerk for record, and it was recorded by him on the next Monday. On that day also a formal written assent was signed and acknowledged by the assignee, and then mailed with the schedule to the county clerk, with a request that he attach the latter to the assignment and record it; this he did on the next day. The assignee took possession of the property, made and filed his inventory and schedules, and converted the property into cash before this action was commenced. *Held*, that there was a substantial compliance with the General Assignment Act (Chap. 466, Laws of 1877); that the acknowledgment of the assignors was intended to be an acknowledgement of a complete assignment, and it must be assumed that it was intended to apply to all the signatures of the assignors, and no adverse rights having intervened when schedule B. was annexed, it became a part of the assignment and no new record thereof was necessary.

Also *held*, that under the provision of said act (§ 2), which requires a written assent of the assignee, subscribed and acknowledged by him, it is not requisite that such assent should be embraced in or indorsed upon the assignment, but it may be on a separate paper; and that, although the assent written upon the assignment was ineffectual, because not acknowledged, the subsequent assent, duly acknowledged and recorded, made the assignment effectual from that date.

*Schwartz* v. *Soutter* (41 Hun, 323), disapproved.

*Franey* v. *Smith* (47 Hun, 119), reversed.

(Argued October 29, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 10, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. A. White* for appellants. There is no evidence of fraud in this case. The evidence establishes the fact that the statement of creditors preferred was drawn up, signed and delivered at the same time the assignment was. It was all done at the same time, Saturday afternoon, September 13, 1884, at about two o'clock. After the assignment was executed it was delivered, with the statement, to James S. Minor, the assignee. The title to the property then and there passed to the assignee. (*Warner* v. *Jaffery*, 96 N. Y. 248; *Nicoll* v. *Spowers*, 105 id. 1; *McBridge* v. *Spellman*, 35 Hun, 263; *S. B. & N. Y. R. R. Co.* v. *Collins*, 57 id. 641; *Brennan* v. *Wilson*, 71 id. 502; *Murray* v. *Riggs*, 15 Johns. 571; *Townsend* v. *Stearns*, 32 N. Y. 213; Pars. on Cont. 17; *Kirchies* v. *Schloss*, 49 How. Pr. 286.) On the execution and delivery of the assignment with the statement of creditors preferred, September 13, 1884, the title to the assigned property vested in the assignee, and as to what was done after with the assignment is of no importance. Had it been destroyed it could not affect the title of the assignee. (*Nicoll* v. *Spowers*, 105 N. Y. 1;

*Warner* v. *Jaffery*, 96 id. 248; *Parshall* v. *Shirts*, 54 Barb.
99; *Raynor* v. *Willson*, 6 Hill, 469.) If the assignment was
executed so as to pass the title, then we insist that it is a valid
assignment as to all the creditors, if the court should hold there
was error as to the statement preferring creditors. (*Bughard*
v. *Sondheim*, 18 J. & S. 116.)

*Arthur More* for respondent. The assignment is void
because the schedule of preferred creditors referred to in it
was not annexed thereto at the time of its execution by the
assignors. (*Kirchies* v. *Schloss*, 49 How. Pr. 284; *Frasier* v.
*Truax*, 27 Hun, 587; *Moir* v. *Brown*, 14 Barb. 47.) The
assignment was void because never assented to by the assignee
as required by statute. (3 R. S. [7th ed.] 2276; *Fairchild* v.
*Gwynne*, 16 Abb. Pr. 23; *Hardman* v. *Bowen*, 39 N. Y.
196; *Rennie* v. *Bean*, 24 Hun, 123; *Smith* v. *Tim*, 14 Abb.
[N. C.] 447; *McIlhargy* v. *Chambers*, 51 Hun, 336; *Smith*
v. *Boyle*, 37 How. Pr. 351; *Schwartz* v. *Soutter*, 41 Hun,
323; *Noyes* v. *Wereburg*, 15 Abb. [N. C.] 167; *Haydock* v.
*Coope*, 53 N. Y. 68; *Britton* v. *Lorenz*, 45 id. 55.) That
portion of the judgment appointing a receiver is not here for
review, because there is no appeal from the order. (*Lawrence*
v. *Bank*, 35 N. Y. 321; *Davenport* v. *Kelly*, 42 id. 193; *In
re True*, 4 Abb. [N. C.] 90; *Lanning* v. *Streeter*, 57 Barb.
44; *In re Freel*, 55 How. Pr. 386; *Zapp* v. *Miller*, 109 N. Y.
51; *Hollenbeck* v. *Donnel*, 94 id. 346; Code Civ. Pro. § 713.)

EARL, J. On the 13th day of September, 1884, the defend-
ants Smith made a general assignment for the benefit of their
creditors to the defendant Minor. Subsequently, in the months
of October and November, the plaintiff and other creditors
recovered judgments against the assignors upon which execu-
tions were issued and returned unsatisfied, and then all the
judgments, other than plaintiff's, were assigned to him, and
thereafter, in January, 1885, he commenced this action, pray-
ing for relief that the assignment be set aside and that his
judgments be paid from the proceeds of the assigned property

in the hands of the assignee. The plaintiff does not allege or claim that there was, in fact, any fraud in making the assignment, but he assails it on the ground that it was not properly executed, in that the schedule of preferred creditors was not attached thereto at the time of its execution and record, and that the assignee did not properly assent thereto.

There is no dispute about the facts, and they are as follows : The assignment was drawn at Deposit on Saturday September thirteenth, by a lawyer, and it preferred creditors " designated in the schedule hereto annexed marked B." At the same time schedule B., containing the preferred creditors, was prepared, which was headed as follows : " Schedule B. referred to and forming part of the annexed assignment, containing a statement of the creditors preferred in the said assignment," etc. Then both the assignment and the schedule being present, although the schedule was not actually annexed to the assignment, the assignors executed both and acknowlenged their signatures to the assignment, and at least one of them acknowledged his signature to the schedule before the lawyer as a justice of the peace, and he wrote his certificate upon the assignment, certifying that they had acknowledged the same. At the same time the assignee who was present wrote upon the assignment and signed his formal assent to accept the trust imposed upon him, but did not acknowledge his signature. There was no certificate of acknowledgment upon schedule B., and there was no assent of the assignee indorsed thereon.

The assignment, with the assent thereon, and the schedule, were at the same time delivered to the assignee. The lawyer being of opinion that it was unnecessary to annex the schedule to the assignment, or to record it therewith, on the same day mailed the assignment to the clerk of Broome county for record, and it reached the clerk on Monday, the fifteenth, and was by him recorded on that day. On Monday the lawyer having discovered that the schedule ought to be annexed to the assignment, and that the assent of the assignee ought to be acknowledged, wrote out an assent, formal in all respects,

which was signed and acknowledged by the assignee, and he attached thereto his certificate of the acknowledgment thereof. He then sent the schedule and assent by mail to the clerk, and requested him to attach the schedule to the assignment and to file and record the assent. He complied with the request on the sixteenth day of September, when the schedule and assent reached him. The assignee took possession of the assigned property on Monday, the fifteenth, and he made and filed the inventory and schedules required by law, and sold and converted the property into money, and held the proceeds ready for distribution under the assignment before this action was commenced.

Upon these facts we think there was a valid legal assignment. While there are some technical informalities, we think the statute regulating assignments was substantially complied with. On Saturday, the thirteenth, the assignment and schedule being in the lawyer's office in the presence of all the parties, and having been signed by the assignors, the lawyer, being also a justice of the peace, took the acknowledgment of the assignors. It was intended to be an acknowledgment of a complete assignment, and we must assume that it was intended to apply to all the signatures of the assignors. All that was then needed was that the schedule should then and there be annexed to the assignment. If this had been done there after the signing and acknowledgment, it cannot be doubted that the assignment would have been complete so far as it depended upon the acts of the assignors. If none of the papers composing the assignment had been fastened together, and the different sheets of which it was composed had lain there loose on the table at the time of the signing and acknowledgment, and had then, in the presence of the parties, or by their authority, been immediately fastened together, it would be quite too technical to hold in such a case that the whole transaction was ineffectual, and that no valid, complete assignment had been executed. Everything having been done by the assignors on Saturday to make a complete assignment except the annexing of the schedule, we perceive no reason to doubt that that

could be annexed later before any adverse rights intervened; and, therefore, when, on the sixteenth, the schedule was, by the direction of the attorney acting for all the parties, annexed to the assignment, it certainly then became a part thereof, and the assignment then, if not before, became complete so far as it depended upon the acts of the assignors. It was not needful to make a new record of the assignment on or after the sixteenth, as we have held that the recording of an assignment is not needful to its validity. ( *Warner* v. *Jaffray*, 96 N. Y. 248; *Nicoll* v. *Spowers*, 105 id. 1.)

To make an assignment effectual under chapter 466 of the Laws of 1877, the General Assignment Act, it is undoubtedly necessary that the assignee should execute and acknowledge the assent therein specified. It is required in the second section that " the assent of the assignee, subscribed and acknowledged by him, shall appear in writing embraced in or at the end of, or indorsed upon the assignment before the same is recorded, and, if separate from the assignment, shall be duly acknowledged." The assent executed on the thirteenth was ineffectual, because not acknowledged. But the formal assent subsequently signed and acknowledged and recorded, and annexed to the assignment on the sixteenth made the assignment effectual from that date. It was held in *Schwartz* v. *Soutter* (41 Hun, 323), that the assent of the assignee cannot be on a separate paper, but that it must be embraced in or indorsed upon the assignment, and that, therefore, the assignment there in question was invalid, because the assent was on a separate paper, separately acknowledged and recorded. That case was appealed to this court and we affirmed the decision, but for a different reason and upon a different ground, and did not approve the view taken of the statutory requirement in the opinion of the judge writing at the General Term. (103 N. Y. 683.) We then thought as we now do that the latter clause of section 2 above quoted, authorizes an assent of the assignee separate from the assignment.

Here then we have a case where the assignment was made complete with the assent and concurrence of all the parties

thereto and was acted upon, and the duties of the assignee nearly all performed before any adverse rights intervened, and in the absence of any fraud, we see no reason to condemn it.

The judgment of the General and Special Terms should, therefore, be reversed and a new trial granted, costs to abide the event.

All concur, except GRAY, J., not voting.

Judgment reversed.