Asa L. Rogers, as Assignee for the Benefit of Creditors of The Rogers Manufacturing Company, Appellant, v. Charles E. Pell et al., Respondents.

1. General Assignment — Foreign Corporations. A corporation of another state has power to make a general assignment for the benefit of creditors under the laws of this state, provided the assignment is also valid under the law of the domicile of the corporation.

2. Power in Directors. When neither statute nor by-law regulating the subject is shown, the power of a foreign corporation to make a general assignment resides in its directors.

3. President Authorized to Make Assignment. A resolution by the board of directors of an insolvent foreign corporation, "that the company execute a general assignment," without specifically deputing any one to act, *held*, to authorize its president to make an assignment for the company.

4. Selection of Assignee. The president of a foreign corporation, authorized by the directors to make a general assignment for the company for the benefit of its creditors, has no power to select himself as assignee, in the absence of express authority to that effect. If he does select himself without such authority, his action is not thereby rendered absolutely void, but voidable at the election of the company.

5. Wrongful Selection of Assignee. The error of the president of a foreign corporation in selecting himself as general assignee of the company, without express authority, and not questioned by the company, is not available to hostile third parties, such as judgment creditors, except to make use of it upon an application to the proper authority, for the removal of the assignee as a person unfit to discharge the duties of the trust.

6. Written Acknowledgment of Assignment. A written acknowledgment, adequate to meet the requirements of the statutes of this state relating to the subject, is a prerequisite to the passing of title to property covered by a general assignment for the benefit of creditors.

7. Venue of Acknowledgment — Question of Fact. Where the venue of an official certificate of acknowledgment of a general assignment made by a foreign corporation names one state and the testimony of an interested witness names another state as the place where the acknowledgment was taken, a question of fact is raised as to the jurisdiction of the certifying officer.

8. Non-submission of Question of Fact. Where a material question of fact is raised by the evidence on a jury trial and the defendant asks to go to the jury thereon, but the court directs a verdict for the plaintiff, and retains the case for further consideration under a stipulation which does not authorize the decision of any question of fact, and thereafter, without having made any findings, grants a motion for a new trial made by the defendant upon the minutes and also dismisses the complaint, subject to an exception taken by the plaintiff and ordered to be heard at General Term in the first instance, the action of the trial court is in effect a nonsuit; and if the General Term overrules the exception and directs judgment for the defendant accordingly, the plaintiff may, on appeal, properly claim error from the failure to submit to the jury any material question of fact raised by the evidence, and may obtain a new trial on that ground.

*Rogers* v. *Pell*, 89 Hun, 159, reversed.

(Argued November 23, 1897; decided January 11, 1898.)

Appeal from a judgment of the General Term of the Supreme Court in the second judicial department, entered November 19, 1895, upon an order overruling the exceptions

of the plaintiff ordered to be heard in the first instance at General Term, and directing judgment in favor of the defendants.

On the 16th of May, 1893, the Rogers Manufacturing Company, a corporation organized under the laws of the state of New Jersey, but carrying on a lumber yard, as its sole business, in this state, made a general assignment for the benefit of creditors to Asa L. Rogers, the plaintiff in this action. The company had an office in Jersey City, New Jersey, for the purpose of complying with the statute under which it was organized, and on May 15, 1893, its directors, three in number, who also comprised all the stockholders, met at that office and passed a resolution, which, after reciting that the corporation could not pay its debts as they matured and that it was for the best interest of all creditors and stockholders that an assignment should be made, closed in these words: "That the company execute a general assignment of its property and effects without preferences, to a trustee to be nominated by the president of this company." Nothing further appears to have been done by the directors or stockholders, but on May 16, 1893, Asa L. Rogers, president of the company, signed a general assignment, without preferences, running from the company, as party of the first part, to himself as party of the second part. The seal of the company was attached to the instrument, which bore the following signatures: "Asa L. Rogers, president of the Rogers Manufacturing Company." "Asa L. Rogers." "Sealed & Delivered in presence of Fillis H. Benedict, secretary." This paper was executed, delivered and accepted in Jersey City on the day last named, but was filed for record in Kings county, in this state, the next day. The acknowledgment of the assignor and assignee, as certified by the acknowledging officer, were as follows:

"STATE OF NEW YORK,     } ss.:
" *City and County of New York,* }

" On this sixteenth day of May, 1893, before me, the subscriber, personally came Asa L. Rogers, who is, I am satisfied, the president of the Rogers Manufacturing Company, who

being by me duly sworn did depose and say that he resides in the city of Brooklyn, in the state of New York; that he knows the corporate seal of said company and that the seal affixed to the foregoing conveyance is the corporate seal of said company; that the seal was affixed to the said conveyance by order of the directors of the said company, and that he as president of said company did sign the said instrument by like order of the board of directors.

"GEO. W. CASSEDY,
"*Master in Chancery of New Jersey.*

"STATE OF NEW JERSEY, }
  "*Hudson County,*       } *ss. :*

"I, George W. Cassedy, a master in chancery of New Jersey, do certify that on the sixteenth day of May, eighteen hundred and ninety-three, in the city of Jersey City, in the county of Hudson aforesaid, personally appeared before me Asa L. Rogers, known, and personally known, to me to be the individual described in and who has executed the foregoing instrument, and who acknowledged to me that he had executed the said instrument for the purposes therein mentioned.

"GEO. W. CASSEDY,
"*Master in Chancery of New Jersey.*"

Subsequently the assignee took possession of the property of the company and filed the usual bond, inventory and schedules as required by the laws of this state.

The defendants are the indemnitors of the sheriff of Kings county, substituted in his stead in this action brought by the assignee against him for the conversion of a quantity of lumber formerly belonging to said company and levied upon under legal process issued against it in this state after the assignment was made.

Upon the trial the foregoing facts appeared, and it was also shown that all the property covered by the assignment was situated in this state; that the company had neither assets nor creditors in New Jersey, and that, while compliance with the Insolvent Act of that state was necessary in order that an

66

assignor should be discharged from his debts, still a corporation could make an assignment for the benefit of creditors valid in that state without complying with the provisions of said act. When both parties rested the defendants asked the court to direct a verdict in their favor, but before the motion was passed upon the plaintiff was recalled and testified that the acknowledgment of the general assignment before the master in chancery was made in Jersey City. Thereupon the defendants moved to dismiss the complaint upon the ground that the assignment was made under a statute of New Jersey, in evidence, which is in the nature of a bankruptcy act, and that no title was conveyed as against subsequent execution creditors; that it was made without authority from the corporation, and that it was not properly executed or acknowledged according to the laws of this state. The motion was denied, the defendants excepted and then asked to go to the jury upon the question whether the acknowledgment was taken in New York or New Jersey, as the only witness to contradict the notary was an interested party. Before this request was passed upon the plaintiff moved that a verdict be directed in his favor. The court thereupon directed a verdict for the plaintiff for $4,048.91, the value of the property, as conceded, and the defendants having moved for a new trial on the minutes, the plaintiff stipulated that if the same should be granted " the court might either dismiss the complaint or direct a verdict for the defendants with the same force and effect as if made at the end of the case upon the trial, subject, however, to the plaintiff's right to except thereto."

After argument the court granted the motion and dismissed the complaint, allowing the plaintiff an exception, and directed that his exceptions should be heard in the first instance at the General Term, with a stay of entry of judgment in the meantime. The General Term overruled the exceptions and ordered that the defendants have judgment against the plaintiff.

*John Larkin* for appellant. The assignment was good and sufficient under the laws of this state. ( *Vanderpoel* v. *Gor-*

*man*, 140 N. Y. 563; Bishop on Insolvent Debtors, § 104; Pollock on Cont. 339; 2 Kent's Com. 459; *Dike v. Erie R. Co.*, 45 N. Y. 113; *Barth* v. *Backus*, 140 N. Y. 230; *Boese* v. *King*, 78 N. Y. 471; *Thrasher* v. *Bentley*, 1 Abb. [N. C.] 39–44.) The assignment was duly acknowledged within the requirements of the General Assignment Act. (L. 1848, ch. 195, § 1; L. 1892, ch. 208; *Kelly* v. *Calhoun*, 95 U. S. 710; *Lovett* v. *S. S. M. Assn.*, 6 Paige, 60; *Canandarqua Academy* v. *McKechnie*, 19 Hun, 63; *Claflin* v. *Smith*, 20 Abb. [N. C.] 241; *Ritter* v. *Worth*, 58 N. Y. 627; *Sheldon* v. *Stryker*, 42 Barb. 284; *W. P. I. Co.* v. *Reymert*, 45 N. Y. 703; *Smith* v. *Boyd*, 101 N. Y. 472; *Carpenter* v. *Dexter*, 8 Wall. 513; *Merrian* v. *Haiser*, 2 Barb. Ch. 232; *Kennedy* v. *Price*, 57 Miss. 77.) The fact that the president of the company nominated himself and acted as assignee does not render the assignment void at the instance of these defendants. (*Sheldon H. B. Co.* v. *Eickemeyer H. B. M. Co.*, 90 N. Y. 607.)

*Henry G. Atwater* for respondents Thomson et al. The provision in the New York Assignment Act that the assignment must be duly acknowledged, is mandatory. (L. 1860, ch. 348, § 1; *Cook* v. *Kelley*, 12 Abb. Pr. 35; 14 Abb. Pr. 466; *Fairchild* v. *Gwynne*, 16 Abb. Pr. 23; *Jones* v. *Bach*, 48 Barb. 568; *Treadwell* v. *Sackett*, 50 Barb. 440; *Hardmann* v. *Bowen*, 39 N. Y. 196; *Britton* v. *Lorenz*, 45 N. Y. 51; L. 1877, ch. 466, § 2; *Rennie* v. *Bean*, 24 Hun, 123; *Smith* v. *Boyd*, 10 Daly, 149; *Camp* v. *Buxton*, 34 Hun, 511; *Warner* v. *Jaffray*, 96 N. Y. 248; *Franey* v. *Smith*, 125 N. Y. 44.) An assignment is not duly acknowledged until the assignor has appeared before a proper officer and made a due acknowledgment, and the officer has indorsed on it or annexed to the paper a due certificate of the fact. (*Smith* v. *Boyd*, 10 Daly, 152; L. 1892, ch. 677, § 15; *Camp* v. *Buxton*, 34 Hun, 511.) The certificate of acknowledgment of the assignor is defective. (Abbott's New Prac. & Forms, 9, 15; *Thompson* v. *Burhans*, 61 N. Y. 52; *People ex rel.* v. *De*

*Camp,* 12 Hun. 378; *Cook* v. *Staats,* 18 Barb. 407; *Lane* v. *Morse,* 6 How. Pr. 394; *Davis* v. *Rich,* 2 How. Pr. 86; *Sandland* v. *Adams,* 2 How. Pr. 127; *Snyder* v. *Olmsted,* 2 How. Pr. 181; *Vincent* v. *People,* 5 Park. Cr. Rep. 88; *Vance* v. *Schuyler,* 6 Ill. 160; *Montag* v. *Lynn,* 19 Ill. 339; *Lovett* v. *S. S. M. Assn.,* 6 Paige, 60; *Kelly* v. *Calhoun,* 95 U. S. 710.) Unless the assignment was executed in conformity with the provisions of the New York General Assignment Act of 1877, it did not convey title to tangible property in this state as against attaching creditors. (*Ockerman* v. *Cross,* 54 N. Y. 29; *Smedley* v. *Smith,* 15 Daly, 421.) If the assignment was executed under and in conformity with the New Jersey Assignment Act, then no title was conferred as to tangible property in this state as against attaching creditors, because the New Jersey Assignment Act is in effect a bankrupt or insolvent act. (*Barth* v. *Backus,* 140 N. Y. 230; *Boese* v. *King,* 78 N. Y. 471; 108 U. S. 379; *Green* v. *Van Buskirk,* 7 Wall. 139; *In re Waite,* 99 N. Y. 433; *Phelps* v. *Borland,* 103 N. Y. 406; *Warner* v. *Jaffray,* 96 N. Y. 248; *Keller* v. *Paine,* 107 N. Y. 83; *Faulkner* v. *Hyman,* 6 N. E. Rep. 846; Bishop on Insol. Debtors, § 236; Burrill on Assignments, § 280.) The evidence was sufficient to warrant the trial court in holding that the assignment was a New Jersey assignment. (*Crosby* v. *Hillyer,* 24 Wend. 280; *Rennie* v. *Bean,* 24 Hun, 124.) The assignment of Rogers as president of the company to himself, was not a valid exercise of the power conferred on him by the resolution of May 15, 1893, and the assignment was void for that reason. (*Curtis* v. *Leavitt,* 15 N. Y. 9; *Bank of N. Y. N. B. Assn.* v. *A. D. & T. Co.,* 143 N. Y. 559; *Norton* v. *S. Nat. Bank,* 102 Ala. 420.)

*Thaddeus E. Kenneson* for respondents Eppinger et al. The decision of the court in dismissing the complaint was correct. (L. 1860, ch. 348, § 6; *S. B. & N. Y. R. R. Co.* v. *Collins,* 57 N. Y. 641; *Brennan* v. *Willson,* 71 N. Y. 502; *Warner* v. *Jaffray,* 96 N. Y. 249; *Hardmann* v. *Bowen,* 39 N. Y. 196; *Britton* v. *Lorenz,* 45 N. Y. 51; *Nicoll* v.

*Spowers*, 105 N. Y. 1; *Smith* v. *Boyd*, 101 N. Y. 472; *Franey* v. *Smith*, 125 N. Y. 44; *Scott* v. *Mills*, 115 N. Y. 376.) The acknowledgment of the assignment by Asa L. Rogers, the president of the Rogers Manufacturing Company, was a nullity. He was the grantee in the deed, and also acted as the attorney of the company in executing the assignment and in acknowledging the execution thereof. As grantee he was disqualified to acknowledge the execution by the grantor, and the acknowledgment and the certificate of such acknowledgment are both void. There was, therefore, no evidence that the instrument of assignment was duly acknowledged, and, therefore, no evidence that title passed to the plaintiff. (*Goodhue* v. *Berrien*, 2 Sandf. Ch. 630; *Armstrong* v. *Combs*, 15 App. Div. 246; *Wilson* v. *Traer*, 20 Iowa, 231; *Wasson* v. *Connor*, 54 Miss. 351; *Hogans* v. *Carruth*, 18 Fla. 587; *Groesbeck* v. *Seeley*, 13 Mich. 329; *Laprad* v. *Sherwood*, 79 Mich. 529; *Hammers* v. *Dole*, 61 Ill. 307; *City Bank* v. *Radtke*, 87 Iowa, 363; *Hubble* v. *Wright*, 23 Ind. 322.) The resolution passed by the board of directors of the Rogers Manufacturing Company did not authorize the making of the assignment in question, and for that reason the assignment is void and a nullity. (*Bank of N. Y. N. B. Assn.* v. *A. D. & T. Co.*, 143 N. Y. 559; *Hardmann* v. *Bowen*, 39 N. Y. 196; *Boese* v. *King*, 78 N. Y. 471; *Barth* v. *Backus*, 140 N. Y. 230.)

*Andrew Shiland, Jr.*, for respondents Pell et al. The assignment is void. (*Hull* v. *Hull*, 24 N. Y. 647; *F. M. Ins. Co.* v. *Chase*, 56 N. H. 341; *Bank of N. Y. N. B. Assn.* v. *A. D. & T. Co.*, 143 N. Y. 564; *Wilson* v. *M. R. Co.*, 120 N. Y. 145; *Neuendorff* v. *W. M. L. Ins. Co.*, 69 N. Y. 389.) Even if the president had authority to make such an assignment, his authority was limited to an assignment under the laws of New Jersey, and the assignment was, in fact, made there, and must be held to be a New Jersey assignment. (*Barth* v. *Backus*, 140 N. Y. 234; 6 Thomp. on Corp. § 6267; *Norton* v. *S. Nat. Bank*, 102 Ala. 420.) The plain-

tiff, having moved for the direction of a verdict in his favor, waived his right to have any questions of fact submitted to the jury, and virtually submitted to the court all questions of fact and law, and the material facts must now be deemed to have been found in favor of defendants by the court, including the facts which the defendants asked to submit to the jury, namely, whether the assignment was intended by the corporation to be an assignment under the New Jersey statute. (*Clason* v. *Baldwin*, 152 N. Y. 204; *Koehler* v. *Adler*, 78 N. Y. 287; *Thompson* v. *Simpson*, 128 N. Y. 284; *Shultes* v. *Sickles*, 147 N. Y. 704; *Neuberger* v. *Keim*, 134 N. Y. 35.) The New Jersey Assignment Act is a bankrupt act, and an assignment thereunder is ineffectual to transfer title to property in this state as against a creditor acquiring a lien upon such property. (*Barth* v. *Backus*, 140 N. Y. 230.) The assignment is invalid under the New York statute, and conferred no title upon the assignee as against a resident attaching creditor. (L. 1877, ch. 466, § 2; *Hardmann* v. *Bowen*, 39 N. Y. 196; *Smith* v. *Boyd*, 10 Daly, 149; *M. L. Ins. Co.* v. *Corey*, 54 Hun, 493; *Irving* v. *Campbell*, 121 N. Y. 353; *Rennie* v. *Bean*, 24 Hun, 123.)

Vann, J. The right of the plaintiff to maintain this action depends upon the validity of the assignment purporting to have been made to him by the Rogers Manufacturing Company, which, although incorporated under the laws of another state, had the power to make a general assignment for the benefit of creditors under the laws of this state, provided such assignment was also valid under the law of the domicile of said corporation. (*Vanderpoel* v. *Gorman*, 140 N. Y. 563.) The validity of that assignment is not questioned on the ground of fraud, but because, as it is alleged, it was made without the authority of the board of directors, was not properly acknowledged and was executed under the insolvent laws of the state of New Jersey, so that it transferred no title as against judgment creditors in this state. (*Barth* v. *Backus*, 140 N. Y. 230; *Boese* v. *King*, 78 N. Y. 471.)

The contention that there was a want of authority is based on the allegation that the president was not authorized to execute an assignment to any one, and, least of all, to himself.

As neither statute nor by-law regulating the subject was shown, the power of the corporation to make a general assignment resided in the directors. (*Vanderpoel* v. *Gorman, supra.*) Hence the president had no authority to execute the instrument in question unless it was conferred upon him, expressly or impliedly, by the resolution adopted by the board. While that resolution does not expressly authorize the president to make an assignment for the company, we think it does so by implication, because it directs "that the company execute a general assignment," and the president, as the executive officer of the corporation, was the one to carry into effect the direction. The corporation could not act for itself, and the nature of the business demanded prompt action. The directors adjourned immediately after the resolution was passed without specifically deputing any one to act for the corporation or themselves in the premises. Under these circumstances, power in the president to act for the directors by carrying into effect their resolution is fairly to be implied.

But, while he had power to select the assignee, he had no power, as against the corporation, to make a selfish use of the trust committed to him by selecting himself in the absence of express authority to that effect. (*Bank of New York* v. *A. D. & T. Co.,* 143 N. Y. 564; *Wilson* v. *Metropolitan El. R. Co.,* 120 N. Y. 145; *Berdell* v. *Allen,* 2 Silvernail, 449, 452.) The choice of an assignee necessarily involved the exercise of judgment and discretion. It was the duty of the president to make the best choice that he could in the interest of the company and to keep his judgment unclouded by personal interest in order that he might do so. While the assignment was not beneficial to him, as the title was in trust, still he had an interest in his fees and in the importance of a position which involved the control of a large amount of property and the transaction of business of consequence. We think, therefore, that he exceeded his authority, so far as the corporation itself

was concerned. The result, however, did not make his action absolutely void, but voidable at the election of the company. It was the act of a wrongdoer, who could not avoid it himself after it was done, although the party wronged could have avoided it by electing to rescind and acting on the election within a reasonable time after the assignment was made. There is no evidence that the corporation, or any one authorized to act for it, ever sought to rescind or did anything from which an intention to rescind could be inferred, and the period of eighteen months that elapsed between the time of the trial and the date of the assignment was strong evidence of ratification by the company. (*Sheldon Hat Co.* v. *Eickemeyer Hat Co.*, 90 N. Y. 607; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159.) Hostile third parties, such as judgment creditors, could not elect for the corporation nor take any advantage of the president's mistake, except to make use of it upon an application to the proper authority for the removal of the assignee as a person unfit to discharge the duties of the trust.

Under the Assignment Act of 1860 it was held that both the acknowledgment and the indorsement of a certificate thereof were essential to the transfer of title. (*Hardmann* v. *Bowen*, 39 N. Y. 196; *Britton* v. *Lorenz*, 45 N. Y. 51; L. 1860, ch. 348.) The Assignment Act of 1877 requires that every assignment for the benefit of creditors shall be "duly acknowledged before an officer authorized to take the acknowledgment of deeds, and every such   *   *   *   assignment shall be recorded." (L. 1877, ch. 466, § 2.) It differs, however, from the preceding act in not specifically requiring that the acknowledgment shall be evidenced by a certificate thereof indorsed on the assignment before delivery. The change was doubtless owing to the fact that the Revised Statutes make provision for the method of taking and certifying acknowledgments by requiring every officer taking an acknowledgment to indorse a certificate thereof, signed by himself, upon the conveyance. (1 R. S. 759.) The position that, since the change in the statute, an oral acknowledgment without certification is sufficient, we regard

as unsound, for the law knows no "acknowledgment," made before a magistrate or notary, unless it is certified. The word, as commonly used by the legislature, the courts and the bar, means both the act and the written evidence thereof made by the officer. (Bouvier's, Burrill's, Black's & Anderson's Law Dict. tit. Acknowledgment. Statutory Construction Act, L. 1892, ch. 677, § 15.) An instrument is not "duly acknowledged" unless there is not only the oral acknowledgment but the written certificate also, as required by the statutes regulating the subject. (1 R. S. 759, § 15; L. 1848, ch. 195; L. 1863, ch. 246; L. 1865, ch. 421; L. 1870, ch. 208; L. 1896, ch. 547, §§ 255 and 258.) The provision requiring every general assignment to be recorded implies that the acknowledgment is to be made and certified in the same way that deeds and instruments of like character are acknowledged before they can be recorded. (Code Civil Pro. § 935.) We think that a written acknowledgment, adequate to meet the requirements of the statutes relating to the subject, is a prerequisite to the passing of title to property covered by a general assignment for the benefit of creditors. (*Warner* v. *Jaffray*, 96 N. Y. 248, 252; *Smith* v. *Boyd*, 101 N. Y. 472; *Scott* v. *Mills*, 115 N. Y. 376, 380; *Franey* v. *Smith*, 125 N. Y. 44, 49; *Albany Fire Ins. Co.* v. *Bay*, 4 N. Y. 9, 19; *Elwood* v. *Klock*, 13 Barb. 50; 2 Cowen & Hill's Notes, 1247, note 874.)

No question is raised as to the sufficiency of the acknowledgment by Asa L. Rogers, as assignee, but that is quite different from his acknowledgment as the official representative of the assignor, for the latter was the act of the corporation itself. As the venue of that acknowledgment was in this state it is presumed upon its face to have been taken in this state, for the main function of a venue to an acknowledgment is to show where it was made. (*Thompson* v. *Burhans*, 61 N. Y. 52, 63.) As was said in the case last cited, "Every affidavit should show on its face that it was taken within the jurisdiction of the officer who certifies it." The same rule should be applied to acknowledgments, and it was so applied

67

in *Vincent* v. *People* (5 Parker's Cr. Rep. 88, 101). (See, also, *People ex rel. Crawford* v. *De Camp*, 12 Hun, 378 ; *Saril* v. *Payne*, 24 N. Y. S. R. 486 ; *Cook* v. *Staats*, 18 Barb. 407 ; *Lane* v. *Morse*, 6 How. Pr. 394 ; *Montag* v. *Linn*, 19 Ill. 399.)

If, however, the acknowledgment in question was taken in this state, it was of no effect, because it was taken by a " master in chancery of New Jersey," an officer who has no power to act in the state of New York. In order to meet this difficulty, the plaintiff, himself, testified, without objection, that the acknowledgment was in fact taken in Jersey City, New Jersey. Thus, we have the official certificate naming one state and the testimony of an interested witness naming another state as the place where the acknowledgment was taken. As the venue is a part of the certificate, a question of fact was thus raised according to our decision in *Albany County Savings Bank* v. *McCarty* (149 N. Y. 71), where we held that a certificate alone, although not conclusive, is sufficient to make a case for the jury against evidence in rebuttal, whatever it may be. This question of fact has not been decided, although the learned counsel for the defendants asked " to go to the jury upon the question whether this acknowledgment was taken in New York or in New Jersey." No question was submitted to the jury, for the court directed a verdict in favor of the plaintiff, but retained control of the case by consent of both parties for the purpose of further consideration, and under a stipulation authorizing the trial judge, in case he decided to grant the motion of the defendants for a new trial on the minutes, to either dismiss the complaint or direct a verdict for the defendants, with the same force and effect as if made at the proper time during the trial, subject to the plaintiff's right to except. After holding the case from November, 1894, until February, 1895, he granted the defendants' motion for a new trial and dismissed the complaint. Obviously, this did away with the verdict, although the order does not so state in express terms. Necessarily, however, that result follows by implication from the provisions of the order, for not only was a new trial granted, but the complaint

was dismissed. The stipulation of the plaintiff did not authorize the court, either expressly or impliedly, to decide any question of fact, and the court neither made findings nor intimated in its order that it had passed upon any question of fact. The consent of the plaintiff, that if the defendants' motion for a new trial should be granted, the court might either dismiss the complaint or direct a verdict for the defendants, cannot be construed to embrace any action by the court except such as is specified in the stipulation itself. The court did not direct a verdict for the defendants, and it could not have done so for the jury had been discharged, but it granted the motion for a new trial and dismissed the complaint. Such action, under the circumstances, must be regarded simply as a nonsuit, and not as a decision of the facts in favor of either party, as the Code does not permit a judge to decide questions of fact without findings in writing, general or special, or by directing a verdict, upon the motion of both parties. While the order is inconsistent, in that it both grants a new trial and at the same time dismisses the complaint, still the necessary result is that there was a nonsuit or a mistrial, and, we think, from the form of the order and the stipulation of the parties, that a nonsuit was intended. It follows that a new trial is necessary, for the courts have proceeded to judgment thus far without any decision of the question of fact as to where the assignment was acknowledged. While the defendants, only, requested to go to the jury upon this question, the plaintiff, by excepting to the decision dismissing the complaint in accordance with the right to so except, expressly reserved at the trial, may now properly claim error from the failure to submit that or any other question of fact raised by the evidence to the jury.

We do not announce our conclusion as to any of the other questions discussed by counsel, as, we think, for the reasons already given, that a new trial must be granted in any event.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.