## LEAVITT v. THORNTON.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. ACKNOWLEDGMENT—REQUISITES—VENUE.
     Every acknowledgment of a deed and every affidavit should show on its face that it was taken within the jurisdiction of the officer certifying it.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Acknowledgment, §§ 162, 163.]

2. SAME—EFFECT AS EVIDENCE.
     A complete acknowledgment of a deed makes out a prima facie case, as strong as if the facts certified had been sworn to in court by a witness apparently disinterested and worthy of belief.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Acknowledgment, § 279.]

3. SAME—RECORDS—REGISTRATION OF DEEDS—NOTICE.

    A deed not properly acknowledged is not entitled to record, and no presumption of notice attaches from its improper record.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Acknowledgment, §§ 270–277.]

4. SAME—CURING DEFECTS—JUDICIAL AUTHORITY.

    The court will require a grantor, agreeing to convey in fee by warranty deed, to give a complete deed, including a perfect acknowledgment, though equity cannot correct mistakes in the certificate of acknowledgment, because the certifying officer derives his authority from statute.

5. SAME.

    Where a grantor, agreeing to convey in fee by warranty deed, executed a deed containing a defective acknowledgment, a judgment compelling him to execute a perfect conveyance, in effect requiring a reacknowledgment, is proper.

Appeal from Special Term, Queens County.

Action by G. Howland Leavitt against Annie Thornton. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Lincoln B. Haskin, for appellant.

Clinton B. Smith, for respondent.

JENKS, J. The defendant executed a deed of realty to the plaintiff, which the plaintiff recorded. Thereafter he was informed that the acknowledgment thereof was incomplete, in that venue was blank. This action is to compel the grantor to execute a perfect conveyance. The defendant made general denial, but offered no evidence, and the court adjudged in accord with the plaintiff's prayer.

I think that the judgment may be affirmed. While it has been held that it must be presumed that the officer entitled to take the acknowledgment did so within his jurisdiction (People v. Snyder, 41 N. Y., at page 402; but see Babcock v. Kuntzch, 85 Hun, at page 34, 32 N. Y. Supp., at page 587), the court in Rogers v. Pell, 154 N. Y., at page 529 et seq., 49 N. E. 78), has said, per Vann, J.:

"As the venue of that acknowledgment was in this state, it is presumed upon its face to have been taken in this state; for the main function of a venue to an acknowledgment is to show where it was made. Thompson v. Burhans, 61 N. Y. 52, 63. As was said in the case last cited: 'Every affidavit should show on its face that it was taken within the jurisdiction of the officer who certifies it.' The same rule should be applied to acknowledgments, and it was so applied in Vincent v. People, 5 Parker. Cr. R. 88, 101. See, also, People ex rel. Crawford v. De Camp. 12 Hun, 378; Saril v. Payne (Com. Pl.) 4 N. Y. Supp. 897; Cook v. Staats, 18 Barb. 407; Lane v. Morse, 6 How. Prac. 394; Montag v. Linn, 19 Ill. 399."

There should be no question left open as to the perfection of the certificate of the acknowledgment; for, if it were complete, it makes out "a prima facie case as strong as if the facts certified had been duly sworn to in court by a witness apparently disinterested and worthy of belief." Albany Savings Bank v. McCarty, 149 N. Y. 71–83, 43 N. E. 431. If the deed was not properly acknowledged, it was not entitled to record, and no presumption of notice attaches from an improper record. Bradley v. Walker, 138 N. Y. 291, 33 N. E. 1079.

The controversy is not to be determined by the validity of the conveyance between the parties, but by the marketability of the title which the defendant undertook to convey. I cannot see, upon the record as presented, what harm can possibly be done to the defendant by this decree. Although it has been decided that courts of equity cannot "correct mistakes in the certificate of acknowledgment, for the reason that the certifying officer derives his authority from statute, and courts of equity do not aid the defective execution of statutory powers" (1 Am. & Eng. Ency. of Law [2d Ed.] 554), yet, under the agreement of the grantor to convey in fee by a warranty deed, I cannot see why the court cannot require a complete deed which shall include a perfect acknowledgment. See Maupin's Marketable Titles to Real Estate, § 41, stating in note that in Merritt v. Yates, 71 Ill. 636, 23 Am. Rep. 128, it was said that the only way in which the defective certificate can be remedied is by reacknowledgment. The deed, once delivered, cannot be physically reacknowledged, inasmuch as it is lost, while the judgment in effect but requires a reacknowledgment.

Judgment affirmed, with costs. All concur.