In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance, Respondent, for an Order to Take Possession of the Property of the SECOND RUSSIAN INSURANCE COMPANY, Appellant.

JAMES A. TILLMAN, Appellant.

(Argued January 5, 1931; decided February 10, 1931.)

*Paul Bonynge* and *Daniel A. Dorsey* for Second Russian Insurance Company, appellant. The existing injunction should be modified to the extent of permitting the appellant insurance company to make and file a general assignment for the benefit of creditors and the Superintendent of Insurance should be directed to release the surplus assets to such assignee. (*Rogers* v. *Pell*, 154 N. Y. 518; *Vanderpoel* v. *Gorman*, 140 N. Y. 563.)

*Borris M. Komar* for James A. Tillman, appellant. After the termination of the liquidation proceedings by the Superintendent of Insurance, the continuance of the injunction on creditors' actions is unwarranted. (*Norfolk Hosiery Co.* v. *Arnold*, 143 N. Y. 265; *Lown* v. *Spoon*, 158 App. Div. 900; *Bean* v. *Stoddard*, 238 N. Y. 618; *Burke* v. *Burke*, 212 N. Y. 303; *Petrogradsky M. K. Bank* v. *National City Bank*, 254 N. Y. 23; *Sliosberg* v. *New York Life Ins. Co.*, 217 App. Div. 685; *First Russian Ins. Co.* v. *Beha*, 240 N. Y. 601.)

*James F. Donnelly, Alfred C. Bennett, John M. Downes* and *Clarence C. Fowler* for respondent. Present retention of these surplus funds by the Superintendent of Insurance until recognition by the United States of a stable government in Russia is the only feasible and lawful policy for the courts of this State to adopt. (*Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *Matter of People [City Equitable Fire Ins. Co.]*, 238 N. Y. 147; *Matter of Stoddard [Norske-Lloyd Ins. Co.]*, 242 N. Y. 148; *Matter of People [Second Russian Ins. Co.]*, 219 App. Div. 46; 244 N. Y. 606; 224 App. Div. 105; 249 N. Y. 538; *Russian Reinsur-*

*ance Co.* v. *Stoddard,* 240 N. Y. 149; *First Russian Ins. Co.* v. *Beha,* 240 N. Y. 601; *Matter of Werenjchik,* 229 App. Div. 36; *Banque de France* v. *Equitable Trust Co.,* 33 Fed. Rep. [2d] 202; *United States* v. *Percheman,* 7 Pet. 51; *Hamilton* v. *Erie R. R. Co.,* 219 N. Y. 343; *Hauenstein* v. *Lynham,* 100 U. S. 483; *Matter of Cooper,* 143 U. S. 472; *Techt* v. *Hughes,* 229 N. Y. 222; 254 U. S. 643; *Goos* v. *Brocks,* 223 N. W. Rep. 13; *Society for Propagation of the Gospel* v. *New Haven,* 8 Wheat. 464.**)**

*John J. Bennett, Jr., Attorney-General (Joseph **C. H.** Flynn of counsel), for State of New York.*

*Per Curiam.* The Superintendent of Insurance, after liquidating the domestic branch of the Second Russian Insurance Company, holds an undistributed surplus of about $500,000.

This surplus is insufficient to pay the claims arising from foreign business, the amount due to such claimants being approximately $2,000,000.

The situation differs, therefore, from that of the other insurance companies before us at this term in that the Second Russian Insurance Company, unlike the others, is insolvent.

The appellant, Second Russian Insurance Company, asks that the injunction in the order of liquidation be modified to the extent of permitting the insurance company to execute a general assignment without preferences for the benefit of creditors, the assignee thereunder to be chosen by the court. In this way, equality of treatment will be preserved for all the creditors entitled to share in the estate.

The liquidation of the domestic branch having been completed by the statutory liquidator, and there being no receiver to whom the assets may be transmitted in the territory of the domicile, we are unable to discover anything either in the statutes of this State or in its public policy that prohibits the execution of a general

assignment (*Rogers* v. *Pell*, 154 N. Y. 518; *Vanderpoel* v. *Gorman*, 140 N. Y. 563).

We are not required to determine whether the company would be entitled to other or further relief if more had been demanded. It asks for nothing more, and this, at least, it should receive.

Upon the execution by the corporation of a general assignment without preferences, the assignee thereunder to be a duly qualified trust company, the Superintendent of Insurance should deliver to such assignee the surplus assets of the corporation after deducting therefrom his proper charges and expenses.

In the event that a trust company is unwilling or incompetent to serve, the choice of the assignee will be subject to the approval of the Supreme Court upon notice to the liquidator.

If for any reason not now apparent, the assignment shall be adjudged invalid, or shall fail of its effect, the assignor will be at liberty to apply for the appointment of a receiver to make division of the assets in accordance with the principles of equity.

The appellant Tillman, claiming to be a creditor, asks for a modification of the injunction by permitting him to bring suit against the company, and to enforce any remedies, either attachment or execution, available at law. For the reasons stated in other opinions handed down herewith, the injunction should be dissolved to the extent of his demand.

The orders should be modified in accordance with this opinion, and as modified affirmed, without costs to either party.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.