# HAMPSHIRE COUNTY.

## NATHANIEL P. PRATT vs. LEANDER W. LANGDON.

L. bought a stock of goods, and hired the shop where the business had been carried on, and permitted W. to carry it on thereafter in W.'s name, under an agreement that W. should pay all the bills incurred in conducting it, and always keep a stock of goods on hand equal in value to the amount paid by L., and ultimately pay to L. that amount, and that L. should receive one half of the net profits of the business, and should have a right to secure himself by taking possession at any time. *Held*, that L. was liable for a debt incurred by W., for goods used in carrying on the business, to one who sold them relying on a belief that L. was a partner in the business with W.

In an action on a promissory note, brought by the holder against the maker, the burden is on the defendant to prove that the note was given in whole or in part for the price of intoxicating liquors sold by the plaintiff in violation of law.

CONTRACT upon a promissory note signed Wilson & Langdon. The action was brought against both Wilson and Langdon; the former was defaulted; and the latter alleged in defence that the note was not made by himself, that he was not a partner with Wilson, and that the note was given in whole or in part for the price of intoxicating liquors illegally sold. This is the same action which formerly came before this court as reported 12 Allen, 544.

At the new trial in the superior court, before *Vose*, J., it appeared in evidence that the note was made and given by Wilson for the balance of an account for goods supplied by the plaintiff, which were used in the business of a refreshment saloon in Northampton, and was the only note ever signed by him in the name of Wilson & Langdon. The plaintiff contended that Langdon was Wilson's partner in the business of keeping the saloon, and introduced evidence tending to prove such a partnership. In defence, Langdon testified substantially as at the previous trial, (which former testimony is reported 12 Allen, 544, 545,) with such modifications and additions as are hereafter recited in the opinion of this court.

The defendant asked the judge to rule that " if the plaintiff knew or had reason to know that Langdon was not in fact a partner, and that the intention and relations of Wilson and

Langdon were not those of partners, but were substantially as testified by Langdon, he cannot hold Langdon liable as a partner." But the judge declined so to rule, and instructed the jury that, "upon the evidence of Langdon himself as to his agreement with Wilson and his relation to and interest in the business of the saloon and the profits thereof, he was legally liable, as a partner, for the debts of the concern, to those who dealt with it believing that he was a partner and relying on such belief." And the judge directed the framing and submission to the jury of the question as a special issue, " Did the plaintiff believe that Langdon was a partner of Wilson in the business carried on at the saloon, and did he sell the goods for which the note in suit was given, relying on that belief?" to which the jury returned an answer in the affirmative.

The plaintiff testified that the goods which he supplied for the saloon were chiefly fruit and soda-water, and produced a book, containing his charges for goods of that description, and not containing any charge for liquors, which book, he stated, was "used at the settlement" with Wilson when the note was given; and he testified that no intoxicating liquors were included in the note. But it appeared in evidence that intoxicating liquors were sold at the saloon; and on cross-examination the plaintiff testified that he had supplied such liquors for the saloon, and received from time to time payment for them from Wilson, but that he kept no account of those sales or payments, except some memoranda in a small book which he had carried in his pocket, and could not find, and probably had given to his children for waste paper; nor could he swear, nor was there any evidence from Wilson's books, how much liquor he had so furnished, or how much money he had received on account of it.

The defendant asked the judge to rule that " if the jury should find that there was such a relation between Wilson and Langdon as constituted a constructive partnership as to third persons, so far as concerned things of lawful traffic, yet that that would not make Langdon a partner as to things illegally sold by Wilson without his knowledge or consent; and that, if the plaintiff knew of the illegal part of the traffic which Wilson was carry-

ing on, and that it was conducted without Langdon's knowledge or consent, and applied the cash payments received from Wilson only to the illegal part of the accounts between them ; and the balance left, for which the note was given, amounted to an equal or greater sum than the amount of the note; then the plaintiff could not recover against Langdon." But the judge declined so to rule, and instructed the jury that " if the note in controversy was given in whole or in part payment for intoxicating liquors sold by the plaintiff in violation of law, the plaintiff could not recover, and that the burden of proof was upon the defendant to satisfy them that the note was so given."

A verdict was returned for the plaintiff; and the defendant alleged exceptions to the rulings above recited.

*C. Delano,* for the defendant.

*S. T. Spaulding,* for the plaintiff.

GRAY, J. The court is unanimously of opinion that there is nothing in the testimony of Langdon at the second trial, which materially varies the facts of the case as presented to the court last year, and reported in 12 Allen, 544.

Langdon testified that he hired the place where the business was carried on, bought the stock and fixtures and took a bill of sale in his own name, permitted Wilson to carry on business there as long as he should conduct himself well, and charged him no interest on the price of the stock and fixtures; that Wilson was to pay all the expenses of the business, and return to Langdon the value of all he put in, and, if he made anything over his expenses, was to give Langdon half of what he made. Langdon's testimony that he was not a partner with Wilson is immaterial, for even as between the parties themselves whether there was a partnership is a conclusion of law from the particulars of their agreement, and the question in this case is not whether they were partners between themselves, but whether Langdon was liable as a partner to third persons. His statement on direct examination " that he had no lien or claim on the stock there " is controlled by his testimony on cross-examination " that he considered he had a right to take possession

when he chose; that Wilson was to pay all the expenses of **the** business, and return to him the value of all he put in; that Wilson was to use it, and if he made anything, Langdon was to have one half the net profits." The necessary conclusion from this testimony is that Langdon had an interest in the stock to the amount of the money which he had put in, and an interest in half the net profits of the business after paying that amount and the expenses of carrying it on, and had the right at any time to secure himself by taking immediate possession, without regard to the interest or claims of Wilson or Wilson's separate creditors.

The rule of law is well settled in this Commonwealth, in accordance with the earlier English authorities, that a person who has not agreed to be a partner, nor held himself out as a partner, is yet liable as a partner to third persons, if by the agreement under which the business is carried on he has an interest in a certain share of the profits as profits, and a lien on the whole profits as security for his share. *Pratt* v. *Langdon*, 12 Allen, 546, and cases cited.

It is true that a person not actually a partner cannot be held liable as a partner to third persons who know that he is not a partner. But this point was fully met by the special finding of the jury that the plaintiff believed that Langdon was a copartner of Wilson in the business, and sold the goods, for which the note in suit was given, relying on that belief.

The ruling that the burden of proof was on the defendant to show that the note sued on was given in whole or in part for intoxicating liquors sold by the plaintiff in violation of law, was in accordance with repeated decisions of this court. *Wilson* v *Melvin*, 13 Gray, 73. *Brigham* v. *Potter*, 14 Gray, 522. *Trott* **v.** *Irish*, 1 Allen, 481.             *Exceptions overruled.*