GARDNER JONES *vs.* DANIEL McLEOD & another.

In an action for the rent of a tenement alleged by the defendant to have been knowingly let for the illegal sale of intoxicating liquors, the plaintiff is entitled to have the jury instructed that the presumption of law is that sales of liquor made on the premises were legal, although they have been previously instructed that the burden of proof is on the defendant to show that the sales were unlawful.

CHAPMAN, C. J. The action is contract for the use and occupation of a tenement. The defence is that the plaintiff knowingly let it to the defendants to be used for the illegal keeping and sale of intoxicating liquors, and that it was so used with his knowledge. Proof of keeping and selling liquors was offered; and the plaintiff requested the court to rule that, upon the mere proof that intoxicating liquors were sold in the tenement, the presumption of law is that such sales were legal and authorized by law.

This instruction ought to have been given. The general principle applicable at common law is, as stated by Shaw, C. J., in *Hatch* v. *Bayley*, 12 Cush. 27, that every man is presumed to act honestly until the contrary is proved; that he who charges another with an act involving moral turpitude or legal delinquency must prove it; and as this is an allegation against a presumption of fact, it requires somewhat more evidence than if no such presumption existed. The application of this principle to cases like the present has been repeatedly made, and is well settled. In *Timson* v. *Moulton*, 3 Cush. 269, where the business of selling spirituous liquors was alleged in defence to be illegal, the ruling was that the presumption of law was that it was lawful. An exception to this ruling was overruled with double costs. In *Wilson* v. *Melvin*, 13 Gray, 73, which was an action to recover the price of liquors sold, the same doctrine was held. Also in *Brigham* v. *Potter*, 14 Gray, 522; *Trott* v *Irish*, 1 Allen, 481; and *Pratt* v. *Langdon*, 97 Mass. 97, 100.

A different rule was established by the St. of 1844, *c.* 102, in prosecutions for selling spirits without license. The legal presumption is declared to be in such cases that the defendant has

not been licensed. But this statute related to prosecutions only. It did not apply to civil actions, nor even to prosecutions under the nuisance act. *Commonwealth* v. *Lahy*, 8 Gray, 459. It is not contained in the Gen. Sts. *c.* 86, because under that act there were no licenses; but was reënacted in broad terms by the St. of 1864, *c.* 121. The use and occupation in this case was in 1868, while the act of that year was in force. The presumption arising from delivery of liquor, mentioned in the St. of 1869, *c.* 415, § 35, is limited to cases under the act, and does not apply to this case.

It is true that before the prayer for instructions was made the jury had been instructed that the burden was on the defendants to prove that the sale and keeping were unlawful. But this might lead them to suppose that the same *primâ facie* presumption would arise as is provided by statute in respect to criminal prosecutions; namely, that an unlawful sale is to be inferred from mere delivery; and as such prosecutions are frequent, the jury would be likely to understand it so. It was therefore important to the plaintiff that the distinction should be stated, and that the instruction prayed for should be given.

*Exceptions sustained.*

*W. H. Fox*, for the plaintiff.

*J. Brown*, (*C. A. Reed* with him,) for the defendants.