## WILLIAM H. H. ANDREWS & another *vs.* WILLIAM A. FRYE & another.

One who has agreed with another to assume and pay a claim against him, but has neglected for two years to do so, may be sued by him on the agreement without a demand from him for the payment.

The refusal of a party to a suit, when testifying as a witness, to answer a material question, on the ground that it might criminate himself, is competent evidence against him.

On an issue between seller and purchaser of intoxicating liquors, whether the sale was in violation of a statute which forbids the sale of such liquors except by the manufacturer or a person having a license, and except to municipal officers, or for medical, mechanical or manufacturing purposes, or for sacramental uses, or made from fruit grown within the state, the refusal of the seller to testify whether he had a license, on the ground that his answer might criminate himself, and evidence that the liquors were part of his stock in trade as a druggist, and that the subject of the sale was the entire stock, will warrant a jury in finding that the sale was illegal.

CONTRACT on an agreement made by the defendants October 11, 1866, with the plaintiffs, to assume and pay certain demands against them. Writ dated September 4, 1868.

At the trial in the superior court, before *Putnam*, J., the plaintiffs introduced evidence tending to show that among said demands was a promissory note against them, held by Pecker & Company ; that the holders had frequently called on them, before this suit was begun, to pay the note ; and that they had paid it on the day of the trial. The defendants introduced evidence tending to show that Pecker & Company never called upon them to pay the note, and that the plaintiffs paid it without

their knowledge; and they asked the judge to rule that the plaintiffs could not maintain the action without a demand on them before the service of the writ; but he ruled that no demand was necessary. Other questions raised in the case are stated in the opinion. The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*N. Morse,* for the defendants.

*R. M. Morse, Jr.,* for the plaintiffs.

GRAY, J. The agreement of the defendants was absolute and unconditional, to assume and pay certain demands against the plaintiffs, one of which was the claim of Pecker & Company, which there was no evidence to prove illegal, and which the defendants had omitted for nearly two years to pay. No demand was necessary before suing them for this breach of their agreement.

The consideration of the agreement was a sale, in the state of Maine, of the plaintiffs' stock in trade as druggists, consisting of drugs and medicines and spirituous and intoxicating liquors. If any part of the consideration was liquors sold in violation of law, the agreement was wholly void. *Perkins* v. *Cummings,* 2 Gray, 258. *Hay* v. *Parker,* 55 Maine, 355. The burden of proving such illegality was doubtless, according to the well settled rule of evidence in this Commonwealth, upon the defendants. *Pratt* v. *Langdon,* 97 Mass. 100, and cases cited.

The laws of Maine, at the time of this transaction, declared all sales of spirituous and intoxicating liquors to be void, except by the manufacturer, by a city or town agent appointed by the mayor and aldermen or selectmen, or by the state commissioner appointed by the governor and council, and to municipal officers authorized to purchase, or for medical, mechanical or manufacturing purposes, or for sacramental uses, or made from fruit grown within the state. Sts. of Maine of 1858, *c.* 33; 1862, *c.* 130.

The defendants at the trial introduced evidence tending to show, as the plaintiffs admit, that the plaintiffs had not been appointed town agents. But this was not all. One of the plaintiffs, having offered himself as a witness in their behalf, was

asked by the defendants on cross-examination whether the plaintiffs had a license to sell intoxicating liquors, and declined to answer the question upon the ground that it might have a tendency to criminate himself. This refusal to answer, like any other refusal to produce evidence in his own power, was competent evidence against him and his partner. A party offering himself as a witness in his own behalf stands differently in this respect from a third person brought into court to testify in a case in which he has no interest. The fact that the subject of the sale was the entire stock of the plaintiffs as druggists was also evidence which the jury might rightfully consider as tending to show that the sale was not made to municipal officers, or for any of the purposes permitted by the statutes, or by the plaintiffs as agents of the town or the state, and that the liquors were not all manufactured by themselves or from fruit grown within the state.

The ruling of the superior court, that the defendants had not offered sufficient evidence to prove that the sale was in violation of the laws of the state of Maine, was therefore erroneous, because it withdrew from the jury a matter which was proper for their consideration, and upon which they would have been warranted by law in finding that the defendants had sustained the burden resting upon them of proving that the sale was illegal.

*Exceptions sustained.*