SAMUEL RICE *vs.* MICHAEL ENWRIGHT & another.

Suffolk. November 11. — 27, 1875. ENDICOTT, J., absent.

Under an answer, to a declaration for rent due under a written lease, containing a general denial and alleging in avoidance that the plaintiff knowingly let the premises to be used for the illegal keeping and sale of intoxicating liquors, the defendant is not entitled to an instruction that if the plaintiff, after the letting, knowingly permitted the premises to be used for the purpose of illegally selling intoxicating liquors, or if after notice of that fact he permitted the defendant to use them for that purpose, he cannot recover.

MORTON, J. This is an action to recover rent due under a written lease. The answer contains a general denial of the plaintiff's allegations, and sets up in avoidance that the plaintiff knowingly let the premises to be used for the illegal keeping and sale of intoxicating liquors.

At the trial the execution of the lease and the defendants' occupation under it were admitted, and the court correctly held that the only issue for the jury under the pleadings was, whether the plaintiff had knowingly let the premises to be used for the illegal keeping or sale of intoxicating liquors.

Evidence that the defendants used the premises for the illegal sale of intoxicating liquors during their tenancy, and that this was known to the plaintiff, was introduced without objection as bearing upon this issue; and the defendants asked the court to instruct the jury that if the plaintiff, after the letting, knowingly permitted the premises to be used for the purpose of illegally selling intoxicating liquors, or if after notice of that fact he permitted the defendants to use them for that purpose, he cannot recover. The court refused this ruling, and the defendant excepted. Without considering whether the facts upon which the requested instruction is founded would be a defence if properly pleaded, it is sufficient for the decision of this case that they were not alleged in the answer. The instruction requested raises an issue which was not presented by the pleadings, and was therefore properly refused. It is well settled, that to give a defendant the right to avoid his contract for illegality, even in its inception or consideration, such illegality must be specified in his answer.

*Granger* v. *Ilsley*, 2 Gray, 521. *Bradford* v. *Tinkham*, 6 Gray 494. *Goss* v. *Austin*, 11 Allen, 525. *Exceptions overruled.*

*C. W. Bartlett*, for the defendants.

*T. S. Dame*, for the plaintiff.