### JOEL GODDARD *vs*. IRA S. RAWSON.

Worcester.    Oct. 5, 1880. — Jan. 10, 1881.    COLT & MORTON, JJ., absent.

In an action for the price of coal sold to the defendant, and for weighing coal for him at a fixed price per load, if the defence is that the coal was not weighed in either instance by a sworn weigher, as required by the St. of 1870, *c*. 205, the burden of proof is on the defendant to show a violation of the statute.

CONTRACT upon an account annexed for coal sold and delivered, and for weighing coal for the defendant. Trial in the Superior Court, before *Dewey*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff's son testified that he, as agent of his father, sold and delivered the coal to the defendant; that he made out and signed, as weigher, certificates of the weight of the coal; and delivered them to the defendant; that he had for several years been in the habit of weighing coal and giving certificates of the weight; that this year, prior to the sale of the coal, one of the selectmen of the town notified him that he was appointed weigher and had sworn him to the discharge of the duties of that office; and that in prior years a similar course had been pursued. There was no other evidence of his appointment as weigher. The defendant contended that this evidence was not competent or sufficient evidence that the plaintiff's son was duly appointed a weigher; and that, upon this ground, the plaintiff could not recover for the coal sold.

It appeared that the plaintiff had agreed with the defendant, who was also a dealer in coal, that he would weigh on his scales,

for a certain price per load, the coal sold by the defendant; and that, in pursuance of this agreement, 490 loads of coal sold by the defendant were weighed on the plaintiff's scales, and certificates of the weight were made by the plaintiff's son and delivered to the defendant from time to time. The defendant contended that the weighing was done by the plaintiff in violation of law; and that the plaintiff could not recover for the same. The evidence as to the appointment and qualification of the plaintiff's son as a weigher was the same as above stated.

The plaintiff contended that the evidence was sufficient; that his son was a *de facto* weigher; and that, if he was not a duly appointed and qualified weigher, he could recover for the services rendered under the agreement.

The judge directed the jury to return a verdict for the defendant; and reserved for the determination of this court the questions whether, upon the evidence above stated, the plaintiff could recover for the coal sold to the defendant, and whether he could recover for the weighing of the coal for the defendant. If the plaintiff could not recover for the weighing of the coal, judgment was to be entered on the verdict. If the plaintiff was entitled to recover for the weighing of the coal and for the coal sold, the verdict was to be set aside, and judgment entered for the plaintiff for $31.25, and interest from the date of the writ. If the plaintiff was entitled to recover for the weighing of the coal and not for the coal sold, the verdict was to be set aside and judgment entered for the plaintiff for $10.02, and interest from the date of writ.

*B. W. Potter*, for the plaintiff.

*J. Hopkins*, for the defendant.

SOULE, J. The sale of coal, and the weighing of coal for another at a fixed price per load, are both legal transactions at common law. One entitles the seller to recover the value or agreed price of the article sold, while the other entitles him who renders the service to the compensation stipulated for. The St. of 1870, *c.* 205, makes it unlawful to sell coal except by the cargo, which has not been weighed by a duly appointed and sworn weigher. The sales by the plaintiff to the defendant were therefore unlawful, if the plaintiff's son who weighed the

coal was not a sworn weigher; and the service of weighing coal for the defendant was unlawfully rendered, if not rendered by a sworn weigher.

But, as the transactions on which the plaintiff's action is founded were lawful at common law, he made a *prima facie* case without proving that the weighing was done in accordance with the requirements of the statute. In order to establish a defence on the ground that the transactions were illegal, it was incumbent on the defendant to prove the illegality. *Timson* v. *Moulton*, 3 Cush. 269. *Wilson* v. *Melvin*, 13 Gray, 73. *Trott* v. *Irish*, 1 Allen, 481. *Brigham* v. *Potter*, 14 Gray, 522. *Pratt* v. *Langdon*, 97 Mass. 97. *Jones* v. *McLeod*, 103 Mass. 58.

The evidence introduced at the trial may not have been sufficient or competent to establish the proposition that the son of the plaintiff was a duly appointed weigher, but it had no tendency to show that he was not such weigher. Every fact testified to was consistent with an appointment by the selectmen.

The result is, that the plaintiff is entitled to recover for the coal sold, and for the services in weighing the defendant's coal. The verdict must be set aside, and judgment entered for the plaintiff for $31.25, and interest after the date of the writ, as provided in the report.          *Judgment for the plaintiff.*