### In re HENSCHEL.

#### (District Court, S. D. New York. July 22, 1901.)

1. BANKRUPTCY—CHOICE OF TRUSTEE.

   Under Bankr. Act 1898, § 56a, requiring matters submitted to the creditors to be passed on "by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present," the vote turns not on the number of creditors present and the amount represented by them, but on the number and amount of allowed claims present before the referee at the time of the vote; so that a trustee must receive a majority vote of such claims.

2. SAME—CREDITORS PRESENT.

   Even if Bankr. Act 1898, § 56a, allows a trustee to be chosen by a majority of creditors present, instead of a majority of allowed claims present, a creditor is present for the purpose of being counted where he is represented at the meeting by an attorney at law or proctor, though the latter's power of attorney is insufficient for voting purposes.

3. NOTARY PUBLIC—CERTIFICATE OF ACKNOWLEDGMENT.

   A notary public's certificate of acknowledgment without any venue is insufficient, and is not aided by the venue to a preceding affidavit, the certificate of acknowledgment being wholly separate from the affidavit, and being an independent requirement.

4. BANKRUPTCY—REJECTING VOTE FOR TRUSTEE.

   The referee may reject a vote on trustee on the ground that it is in the interest of the bankrupt, though the creditor's proxy is an attorney, and claims an attorney's privilege from answering when questioned on the matter, and, on the claim being overruled, refuses to answer.

Black, Olcott, Gruber & Bonynge, Frederick M. Czaki, and Myers, Goldsmith & Bronner, for different creditors.

BROWN, District Judge. At an adjourned first meeting of creditors held on June 20th, the referee adjudged that there was a failure to elect a trustee by the creditors, and thereupon appointed Mr. Hough, who had been previously acting as receiver. Several petitions of review were thereupon filed, alleging various errors in the rulings of the referee; but on the hearing all but two were stated to be withdrawn, viz. one by creditors voting for Mr. Whitney, upon which it was stated that only one question was sought to be raised, viz. the proper construction of section 56a, Bankr. Act; the other petition, by creditors voting for Mr. Hough, raises several other questions.

From the report of the referee, his summary of the evidence pursuant to general order 27 and the evidence and exhibits returned, it appears that under a previous order of the referee for the re-

examination of all claims previously filed, in order to ascertain what payments, if any, had been received by the creditors while the bankrupt was insolvent and within four months of the filing of the petition, in accordance with the recent opinion of the supreme court in Pirie v. Trust Co., 21 Sup. Ct. 906, 45 L. Ed. ——, some previous claims were expunged; some were allowed to stand, on deposit of the payments proved to have been previously made, and two others were for cause held in suspense, so that at this meeting 24 claims were finally allowed and filed; that all these claims were presented by the attorneys and proctors of the creditors, who were present representing all these creditors and taking part in the proceedings, by the examination of witnesses and by presenting objections and arguments thereon in support of their supposed interests; that after the presentment of all those 24 claims by the proctors of the creditors and after their obtaining the adjustment and allowance of them as above stated, the voting for trustee was begun; that on the presentment of proxies for the purpose of voting, ten of the letters of attorney were, under objection, held by the referee to be defective in execution, and on that ground the votes offered under them were excluded; that six others offered by Mr. Bonynge and two offered by Mr. Czaki were objected to for defective acknowledgment, through lack of any venue stated in the notary's certificate and for other alleged defects; that these objections were overruled and the votes cast under them for Mr. Whitney allowed, thus making ten votes for him, while four votes were cast for Mr. Hough. The 24 claims allowed aggregated $19,711.95; the 10 voting for Mr. Whitney aggregated $8,273.83, and the 4 cast for Mr. Hough, $2,048.27. The votes for Mr. Whitney being less than a majority in number and amount of the claims allowed and present, the referee appointed Mr. Hough, as above stated.

In behalf of Mr. Whitney it is contended that as 10 of the 24 proxies were disallowed, there remained only 14 creditors "present," within the meaning of section 56a; so that Mr. Whitney, having received 10 out of the 14 votes actually cast, and those 10 claims being also a majority in amount of the 14 voting, should have been declared elected and appointed as trustee, notwithstanding the fact that the other 14 creditors, whose claims were allowed, were represented at the meeting by their legal attorneys and through them took part in it.

I cannot sustain this contention as correct or within any reasonable construction of section 56a. That section is very explicit in requiring matters submitted to the creditors to be passed upon "by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present."

According to the language of this section, therefore, the vote should turn, not upon the number and amount of creditors, but on the number and amount of allowed claims "present" before the referee, at the time the vote is taken; and unless there is a majority vote in number and amount of such claims for some one candidate, the referee is required by section 44 to appoint the trustee, as he did in this case.

As section 56a stands, the word "present" cannot, by any possible grammatical construction, be made to refer to the word "creditors"; nor can that legal construction be put upon it, except by an alteration and reconstruction of the sentence. The words "and are" must be erased and the word "present" transposed and inserted after the word "creditors," or some other equivalent alteration made. If such an alteration were required by other sections of the act in order to avoid contradiction, or to prevent the manifest purpose of the act from being thwarted, such a change by construction might possibly be allowable. But I do not find any such requirement. On the contrary, the section as it reads, seems to me to be in entire accord with other parts of the bankrupt act that indicate its general purpose not to give to creditors the disposition of the bankrupt's affairs, except upon a majority vote both in amount and number of proved claims. This is the undoubted requirement as respects compositions under section 12b; it is the same under section 55e as respects a special designated place of meeting; and the same construction of section 55a is also to be implied from section 56b, which excludes from the count not only the preferred creditors themselves, but also "the amount of their claims," showing that the claims present are to be considered independently of creditors present, since otherwise the latter clause would be superfluous.

All these sections seem to have one and the same apparent purpose, viz. to check undue control of the bankrupt's affairs either by a few interests, or by the bankrupt in conjunction with them, to the prejudice of other creditors, by requiring a majority both in number and amount of proved claims. This conserves also the interests and the convenience of absent or distant creditors, who, after proving their claims, ought to be allowed, if they choose, particularly where the claims are small or moderate in amount, and the expected dividends light, to rely upon the judgment and protection of the court or the referee, instead of being compelled to be at the trouble of attending creditors' meeting to intervene actively in order to prevent the unadvisable action of a few. A creditor's absence after proving his claim, would thus count in favor of a choice of trustee by the referee and obstruct objectionable action or combinations in the bankrupt's interest, the same as in cases of compositions.

The referee's decision, however, did not proceed upon this ground nor go to this extent, nor is that question necessary to be decided here. It is sufficient to hold that creditors who are represented at a meeting of creditors by their general legal attorneys or proctors, are "present" whether they take part in the voting or not. All the 24 creditors whose claims were here allowed were in fact thus represented, and, as above stated, through their proctors, took an active part in it, and hence they were "present," even if the word "present" in section 56a is construed to refer to creditors, and not as it reads to claims. Section 1 (9) provides that the word "creditor" may include "the duly authorized agent, attorney or proxy." The word "attorney" there includes the attorney at law, though

he has no power to vote, except upon additional authority. The meeting was not merely for the choice of a trustee, but for other purposes as well; the powers of attorney embraced other powers than voting, and all the 14 creditors whose proxies were excluded from voting took a prominent part in the meeting, as I have said, through their attorneys, in the presentment and proof of claims and the examination of witnesses. Being, therefore, legally "present" at the meeting, they cannot be permitted to say that they were absent the moment the powers of attorney for voting purposes were held under objection to be insufficiently executed or proved. The case is the same as if after the creditors' attorneys had taken an active part in the meeting, some other third person had presented proxies for voting which were found to be insufficient; surely such claims could not in such a case be excluded from the count on the ground that the creditors were not "present." The case of In re McGill, 45 C. C. A. 218, 106 Fed. 57, 5 Am. Bankr. Rep. 155, is in this respect quite different, though I cannot agree to some of the brief and inexact observations there made on the subject.

The petition for review in behalf of Mr. Hough presents additional reasons for not disturbing his appointment as trustee.

1. A notary's certificate of acknowledgment without any venue is defective, since he is a local officer and it must appear on the face of the certificate that the acknowledgment was taken within his territorial jurisdiction. Thompson v. Burhans, 61 N. Y. 52, 63; Rogers v. Pell, 154 N. Y. 518, 529, 49 N. E. 75; Montag v. Linn, 19 Ill. 399; People v. De Camp, 12 Hun, 378, 379. Eight of the proxies allowed to vote for Mr. Whitney should therefore have been rejected. The certificate of acknowledgment to those eight powers of attorney formed no part of the preceding affidavit, as it did in one of the other proxies which was properly allowed. In the eight here referred to, the certificate of acknowledgment was wholly separate from the affidavit and was an independent requirement, necessary to be complete in itself. The venue to the affidavit, therefore, did not aid the certificate of acknowledgment. Excluding these, there were but two valid votes for Mr. Whitney to four for Mr. Hough, and the latter exceeded in value the two remaining for Mr. Whitney; so that if the contention of the latter is sound, that only the creditors present and voting are to be counted, and not the claims allowed and represented at the meeting, Mr. Hough should have been declared elected; while if the twenty-four claims are all to be counted as respects amounts, there would be no election, and the appointment of Mr. Hough by the referee was good.

2. Upon a previous election of trustee the same proxy was challenged as being in the interest of the bankrupt, who, as it appeared, had formerly been a client, while a relative of the bankrupt was the proxy's clerk and active in the bankruptcy proceeding. On being sworn as witnesses before the referee to prove the charges made against the allowance of the vote of these proxies, both claimed an attorney's privilege from answering, and when this claim of privilege was overruled by the referee, they still refused to answer as directed by the referee, contrary to the requirements of section 41a.

That election was accordingly set aside by the referee, and on review before me, this was confirmed and a new election ordered, with the suggestion that an independent trustee be chosen "upon unobjectionable proxies." This ruling and suggestion were ignored; the same proxy obtained new letters from several of the same creditors, in the same terms as before, presented them for the purpose of voting, and notwithstanding a renewal of the same objection to these votes being received, several were received and the votes allowed. They should have been excluded. The execution of new letters in no way purged the previous contempt, but aggravated it. The suggestion by the court was supposed to be sufficient, without a positive order excluding the previous proxy from acting, such as was made by Mr. Justice Brown in Re Wetmore (D. C.) 16 N. B. R. 514, 518. The proxy's previous refusal to answer touching complicity with the bankrupt still stood as a part of the record, and was legally a presumptive confession of the charge (see Graves v. U. S., 150 U. S. 118, 121, 14 Sup. Ct. 40, 37 L. Ed. 1021; Andrews v. Frye, 104 Mass. 234), rendering him incompetent as before (In re McGill, 45 C. C. A. 218, 106 Fed. 57, 5 Am. Bankr. Rep. 155). Ex parte affidavits, in such a case, are not to be taken as a substitute for oral examination.

There was strong evidence before the court of gross frauds of the bankrupt that required energetic and searching investigation. If under such circumstances a proxy in the interest of the bankrupt after obtaining control by canvassing among creditors could plead an attorney's privilege, refuse to answer inquiries touching his action in the interest of the bankrupt, and still be allowed to control the election of trustee, the power of the court to protect its proceedings against abuse and fraud, and to prevent the purposes of the bankrupt act from being thwarted, would be gone. Such a situation would be intolerable. In re Rekersdres (D. C.) 108 Fed. 206, 5 Am. Bankr. Rep. 811. A proxy thus procuring control of an election stands in a wholly different situation from that of a single creditor; and even a combination of creditors themselves in the interest of the bankrupt to suppress an investigation into his apparent frauds, whether openly admitted or impliedly confessed by refusing to answer as witnesses touching that intent, when directed by the referee to answer, ought equally to be debarred from the choice of a trustee.

The question here involved is not one touching the rights of creditors conferred by the act, which this court will always endeavor duly to maintain; but a question touching the power of the court to make investigation in order to prevent or correct abuses; and of this power I cannot entertain a doubt.

The appointment is confirmed.