ELIZABETH F. CONROY *vs.* EUGENE H. MATHER, receiver.
PATRICK S. CONROY *vs.* SAME.

Plymouth.    January 13, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Automobile,* License of operator.    *Negligence,* In use of automobile, Violation of
statute.    *Evidence,* Presumptions and burden of proof.

In an action by a passenger for hire in an automobile for injuries received in a col-
lision of the automobile and a street railway car operated by the defendant,
the fact that the plaintiff was violating St. 1909, c. 534, § 12, as amended by
St. 1911, c. 37, in employing for hire to operate the automobile one who did
not have the license required of one so doing by § 10 of that statute as amended
by St. 1910, c. 605, § 4, is evidence tending to show that the plaintiff was not
in the exercise of due care.

Where, in an action for personal injuries received in a collision of an automobile in
which the plaintiff was travelling and a street railway car operated by the de-
fendant, the defendant relies in bar of the action upon the plaintiff's alleged
violation of the statutes respecting the registration and operation of motor
vehicles, the burden of establishing such defense is upon him.

TWO ACTIONS OF TORT for personal injuries sustained as the
result of a collision between an automobile driven by one Haw-
thorne, in which the plaintiffs were travelling, and a street railway
car operated by the defendant as receiver of the Dedham and
Franklin Street Railway Company. Writs dated March 21,
1913.

The cases were tried together before *Keating,* J. The material
facts are stated in the opinion. The jury found for the plaintiff
in the first case in the sum of $1,000, and for the plaintiff in
the second case in the sum of $500; and the defendant alleged
exceptions.

*H. S. Davis,* for the defendant.

*J. P. Barlow,* for the plaintiffs.

SHELDON, J. The jury have found that each one of these plain-
tiffs was in the exercise of due care, but that Hawthorne, the driver
of the automobile in which they were travelling, was not exercis-
ing such care. Without reciting the evidence, we are of opinion
upon the whole case, except as to what is hereinafter stated, that

the findings of the jury were warranted and that there was no material error in the instructions which were given to the jury, or in the refusal to give those which were asked for by the defendant. But there are two points which call for examination.

1. It is provided by St. 1909, c. 534, §§ 10, 12, as amended respectively by Sts. 1910, c. 605, § 4, and 1911, c. 37, not only that "no person shall operate a motor vehicle for hire or as a chauffeur unless specially licensed by the commission [the Massachusetts Highway Commission] so to do," (§ 10), but also (§ 12) that "no person shall employ for hire as a chauffeur or operator of a motor vehicle any person not specially licensed as aforesaid." The issue of such special licenses is regulated by § 8 of the St. of 1909 already referred to. Hawthorne had no such license. He had an operator's license; but even this was invalid, for at the time of the accident he had not "endorsed his usual signature on the margin of the license, in the space provided for the purpose." St. 1910, c. 605, § 3. It follows that Hawthorne was acting unlawfully in driving this automobile without being licensed to do so.

If Hawthorne was employed for hire as a chauffeur or operator of the car by the plaintiffs or either of them, then they were, or the one so employing him was, also acting unlawfully. The evidence left it uncertain whether at this time Hawthorne himself or one Hatch was the owner of the machine; but the jury have found, under instructions hereafter to be considered, that it was then owned by Hawthorne. The exceptions state that one Egan, in behalf of himself and the other members of the party, including the plaintiffs, had had, a few days before this accident, "an interview with Hawthorne, the substance of which was that Egan proposed that Hawthorne should take the party from Brockton to West Medway and back in his automobile, and that Hawthorne said he would do so for the sum of $18. This arrangement was communicated by Egan to the plaintiffs and to the other members of the party and was assented to by them, the understanding being that each member of the party should contribute one sixth of Hawthorne's charge." It was under this arrangement that Hawthorne was operating the automobile and the plaintiffs were riding in it when the accident happened.

On this evidence, the jury might find that the plaintiffs and the other members of the party had employed Hawthorne to take

them upon this excursion and himself to operate the car. We do not think that it could be held as matter of law that they did so. They may or may not have been parties to the contract between Egan and Hawthorne; they may or may not have had part in an employment of Hawthorne as chauffeur or operator; the terms of the contract made with Hawthorne are not sufficiently set forth to make it manifest under what terms of employment, if any, he was acting. It is enough now to say that the jury might have found that he was employed for hire by one or both of the plaintiffs to act as the chauffeur or operator of the automobile.

Upon this evidence the defendant asked the judge to rule (1) that upon all the evidence the plaintiffs could not recover; (14) that if Hawthorne was not specially licensed to operate automobiles for hire, and if he was employed by the plaintiffs to operate the automobile for hire, the plaintiffs could not recover; and (15) that if Hawthorne was not specially authorized to operate motor vehicles for hire, and if he was employed by the plaintiffs to operate the automobile for hire, this was evidence that the plaintiffs were not in the exercise of due care. These requests were refused.

It was said in *Bourne* v. *Whitman,* 209 Mass. 155, 171, that the operation of an automobile on the highway by an unlicensed person does not make him a trespasser and is not conclusive against his right to recover for an injury done to him, in a case in which his lack of a license is not a contributing cause of his injury, but is only evidence of negligence on his part in reference to his fitness to operate the vehicle and his skill in its actual management. This decision was followed in *Holland* v. *Boston,* 213 Mass. 560. In our opinion that principle is decisive of the question now presented. It would be strange if the plaintiffs were held to a more stringent rule than is applied to Hawthorne himself, in a transaction in which they were all alike concerned and in which the unlawfulness of their conduct was the same in all of them. Moreover, he had, or must be taken to have had, full knowledge that he was violating the law. They may have supposed, and there is nothing to indicate that they did not suppose, that he had the necessary license and was not acting against the prohibition of the statute. No doubt they were bound to refrain from making an unlawful contract, and to see to it at their peril that they selected a duly registered automobile and employed a

duly licensed chauffeur or operator; but they ought not to be put in a worse position than that of the wilful wrongdoer.

It follows from what we have said that although the other requests above stated were rightly refused, the last one of them ought to have been given in substance; and for the omission to give it the defendant's exceptions must be sustained.

2. It seems to have been conceded at the trial that if Hawthorne was not the owner of the automobile at the time of the accident, the machine was not duly registered; Sts. 1909, c. 534, §§ 2, 9; 1910, c. 605, § 4; and the judge ruled that in that case the plaintiffs could not recover. This was correct, and both parties so agree. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137. *Feeley* v. *Melrose,* 205 Mass. 329. *Holland* v. *Boston,* 213 Mass. 560. But he refused to rule, as by the eighth request the defendant asked him to do, that the verdict must be for the defendant unless the plaintiffs showed by a fair preponderance of the evidence that at the time of the accident the automobile was registered according to law, and instead thereof instructed the jury that the burden was on the defendant to show that the automobile was not so registered.

It must be conceded that the decisions upon the principle involved in this question, in the different ways and under the different circumstances in which it has been presented, have not been uniform. In many cases it has been held that it is for the plaintiff to show the lawfulness of his conduct, either on the ground that otherwise he fails to show a lawful contract where he sets up a contract, or because it has been considered that the burden which rests upon a plaintiff who claims to be compensated for the injurious results of another's negligence to show the absence of contributory negligence on his part involved the necessity of showing that no violation of law by him contributed to the happening of those results. *Wheeler* v. *Russell,* 17 Mass. 258. *Granger* v. *Ilsley,* 2 Gray, 521. *Miller* v. *Post,* 1 Allen, 434. *Libby* v. *Downey,* 5 Allen, 299. *Copeland* v. *Boston Dairy Co.* 184 Mass. 207. *Bosworth* v. *Swansey,* 10 Met. 363. *Jones* v. *Andover,* 10 Allen, 18. *Stanton* v. *Metropolitan Railroad,* 14 Allen, 485. *Davis* v. *Somerville,* 128 Mass. 594. *Bucher* v. *Fitchburg Railroad,* 131 Mass. 156. *Wallace* v. *Merrimack River Navigation & Express Co.* 134 Mass.

95. *Day* v. *Highland Street Railway*, 135 Mass. 113. *Barker* v. *Worcester*, 139 Mass. 74. *Read* v. *Boston & Albany Railroad*, 140 Mass. 199. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. *Arey* v. *Newton*, 148 Mass. 598. *Sheehan* v. *Boston*, 171 Mass. 296. But the recent tendency has been rather to restrict than to extend the doctrine contended for by the defendant. *White* v. *Lang*, 128 Mass. 598. *Brunelle* v. *Lowell Electric Light Co.* 188 Mass. 493, 498, and 194 Mass. 407. *Black* v. *New York, New Haven, & Hartford Railroad*, 193 Mass. 448, 452. *McCarthy* v. *Morse*, 197 Mass. 332. *Jaehnig* v. *Ferguson*, 197 Mass. 364. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 446. *Moran* v. *Dickinson*, 204 Mass. 559. And it has been held that a defendant who, in bar of an action either of contract or of tort, relies upon the unlawful conduct of the plaintiff, must himself set up and affirmatively prove that defense, at least if it has not been set up or admitted by the plaintiff. *Maher* v. *Dougherty*, 8 Gray, 437. *Trott* v. *Irish*, 1 Allen, 481. *Pratt* v. *Langdon*, 97 Mass. 97. *Jones* v. *McLeod*, 103 Mass. 58. *Rice* v. *Enwright*, 119 Mass. 187. *Goddard* v. *Rawson*, 130 Mass. 97. *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292. *Portsmouth Brewing Co.* v. *Smith*, 153 Mass. 100. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 404. *O'Brien* v. *Shea*, 208 Mass. 528.

In *Doherty* v. *Ayer*, 197 Mass. 241, it was held that while if it appeared affirmatively that the plaintiff was travelling upon the highway in violation of the statutes here considered, he could not recover for an injury caused by a defect in the way, yet if there was no proof of a violation of the law by him, he must be presumed to have been innocent thereof and to have been using the way lawfully. And the court said (Knowlton, C. J., p. 248): "Presumptions both of law and fact are always in favor of innocence. In cases somewhat analogous, when one would avoid liability on the ground of a violation of law by the plaintiff, he must prove the violation. *Goddard* v. *Rawson*, 130 Mass. 97, and cases there cited." In *Bourne* v. *Whitman*, 209 Mass. 155, and in *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, it was assumed throughout the opinions that the burden of proving a violation of these statutes rested upon the defendant. And in *Feeley* v. *Melrose*, 205 Mass. 329, it was held, following the language quoted above from *Doherty* v. *Ayer*, 197 Mass. 241, that

the burden was on the defendant to prove this illegal conduct of the plaintiff.

In our opinion, both upon principle and upon the present weight of authority, the judge rightly ruled that this burden rested on the defendant.

*Exceptions sustained.*