ELLEN V. KENYON, administratrix, vs. CHARLES E. HATHAWAY.

Bristol. October 27, 1930. — January 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, Violation of statute. *Motor Vehicle*, Operation: unlicensed operator. *Practice, Civil*, Interrogatories. *Evidence*, In rebuttal, Interrogatories, Relevancy. *Witness*, Cross-examination.

At the trial of an action by an administrator for causing the death of the plaintiff's intestate, it appeared that the death occurred in the collision on a public way of two motor trucks, one driven by the plaintiff's intestate and the other by one who was admitted to be an agent of the defendant acting within the scope of his employment, that there was no witness to the collision except the two drivers, and that the plaintiff under G. L. c. 231, §§ 61, *et seq.*, as amended, had put interrogatories to the defendant which he had answered. The interrogatories were not introduced in evidence. In cross-examination the defendant stated in substance that he gained the information concerning the accident, not from talking with the driver of his truck but from conferring with others, and that he did not talk with him before answering the interrogatories. The judge, subject to exceptions by the plaintiff, did not permit the plaintiff to introduce in evidence answers of the defendant to inquiries made in further cross-examination, whether the driver of his truck was with him when he answered the interrogatories and whether he was in his attorney's office when he answered them. *Held*, that there was no error in such exclusion, the subject of the inquiry being immaterial as the interrogatories were not in evidence, and the exclusion being within the discretion of the judge in limiting the scope of cross-examination on irrelevant matters.

After the plaintiff, at the trial above described, had rested without introducing the answers by the defendant to the interrogatories put to him by the plaintiff, the driver of the defendant's truck testified in cross-examination that he had never said that the truck he was driving was pushed backwards by the collision. The plaintiff then sought to introduce in evidence an answer of the defendant to one of the interrogatories to the effect that his automobile was driven backward seven or eight feet by the impact. The judge excluded such answer. *Held*, that the answer of the defendant was not admissible to rebut or to contradict the testimony of his witness, driver of his truck, and that there was no error in excluding it.

Evidence, at the trial of the action above described, that the accident happened upon a public way in this Commonwealth in 1922, that the defendant's truck was registered in Massachusetts only, and that the driver, while he had a license to operate a motor vehicle granted him by the State of Rhode Island, had none granted him by this Commonwealth, was evidence of violation by the defendant's driver of G. L. c. 90, §§ 8, 10, and therefore was evidence to be considered by the jury on the question, whether such driver was negligent in the operation of the defendant's truck; and instructions by the judge to the jury, in substance that the fact that the defendant's car was being driven by a person who had a Rhode Island license and not a Massachusetts license could not be taken as any evidence of negligence causing the accident, was error prejudicial to the plaintiff.

TORT, by the administratrix of the estate of John Kenyon, for causing the death of the intestate. Writ dated August 11, 1923.

In the Superior Court, the action was tried before *F. T. Hammond,* J. Material evidence and rulings and instructions by the trial judge are stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*R. A. Bogle,* (*H. S. R. Buffinton* with him,) for the plaintiff.

*H. F. Hathaway,* (*E. A. Hathaway* with him,) for the defendant.

SANDERSON, J. This is an action of tort brought by the plaintiff, as administratrix of her husband's estate, to recover for his death in an automobile accident on August 26, 1922. The plaintiff's intestate was driving a loaded truck from Providence toward Fall River. The defendant's loaded truck was being driven in the opposite direction by his grandson, who was admitted to be the agent of the defendant acting within the course of his employment. A collision between them occurred in Swansea in this Commonwealth at about 4:30 in the morning. There was no witness to the accident except the drivers of the respective trucks. The plaintiff discontinued as to the count for conscious suffering and the case was submitted to the jury on the count for negligently causing death. All the evidence bearing on the question of liability is not reported, but it is clear from the charge that the only question submitted to the jury on this issue related to the

violation of G. L. c. 89, § 1, requiring persons travelling with vehicles when they meet on a way each seasonably to drive his vehicle to the right of the middle of the travelled part thereof so that the vehicles may pass without interference. The plaintiff's exceptions relate to the exclusion of evidence offered by her and to parts of the charge to the jury.

Interrogatories filed by the plaintiff were answered by the defendant under oath. When he was testifying as a witness at the trial and was being cross-examined by the plaintiff, he stated in substance that he gained the information concerning the accident not from talking with his grandson but from conferring with others; that he did not talk with him before answering. He then was asked whether his grandson was with him when he answered the interrogatories and he said, "He was not." Upon objection this question and answer were excluded. The witness then was asked whether he was in his attorney's office when he answered the interrogatories, and upon objection the question was excluded and the trial judge inquired whether there were any further questions. Counsel for the plaintiff then asked to have his exception saved to the exclusion of the last two questions. If it be assumed that this exception was properly saved, there was no error in excluding the questions. The interrogatories had not been offered in evidence when the questions were asked, and there is nothing in the state of the evidence at the time or in the provisions of G. L. c. 231, § 62, as to inquiries to be made by a party before answering interrogatories to make the testimony then material. The exercise by the trial judge of his discretion in limiting the scope of cross-examination on irrelevant matters presents no question of law. *Prescott* v. *Ward*, 10 Allen, 203, 209. *Cobb, Bates & Yerxa Co.* v. *Hills*, 208 Mass. 270, 272.

The driver of the defendant's truck testified that the decedent was approaching him coming around a curve on the witness's left side of the road; that the decedent turned to his left and then went out into the road and hit the left front wheel of the truck of the defendant which was

and had been on the witness's right side of the center of the road; that the collision took from him the control of the truck he was driving and caused it to go twelve or fourteen feet to his left side of the road. He also stated in cross-examination that he had never said that the truck he was driving was pushed backwards by the collision. In rebuttal to meet this testimony, the plaintiff offered the following interrogatory to, and the answer of, the defendant: "Q. Please state how far said automobile moved after it struck the deceased, or the vehicle in which the deceased was riding, if the deceased was riding in a vehicle. A. Defendant's automobile did not strike the deceased. The defendant's automobile did not move ahead after the collision. Defendant's automobile driven backwards by impact seven or eight feet." The interrogatory was not offered by the plaintiff in her direct case. G. L. c. 231, § 89, provides that the answers of a party to interrogatories filed may be read by the other party as evidence at the trial, thus giving him the right to read them as a part of his direct case. The defendant had no personal knowledge of the accident. There was no testimony tending to prove that the driver had at any time stated in substance or effect that the vehicle he was driving was pushed back and no evidence to meet the defendant's testimony that the answers were made by him without conferring with the driver. The answer to the interrogatory was not competent evidence to rebut or contradict the testimony of the witness and there was no error of law in the ruling excluding it.

The evidence was uncontradicted that the operator of the defendant's truck had a Rhode Island license to operate motor vehicles but none in Massachusetts. The defendant's truck was registered in this Commonwealth only. The judge in his charge, having stated that the statute requires that persons must be licensed to drive automobiles in this Commonwealth and that the statute authorizing nonresidents to operate motor vehicles here did not apply because the truck was registered in this State, said that the failure to comply with the law is

evidence of negligence, but that it is "not evidence of negligence if it has no logical connection with the accident." He then, subject to the exception of the plaintiff, charged in part as follows: ". . . the only evidence of negligence is the evidence in regard to whether the law of the road was complied with or not," and there is "no logical connection between driving an automobile without a license and negligence in driving an automobile . . . . The fact that you have not got any license is a mere condition to any accident that you get into. It does not throw any light whatever on how you were running that automobile at the time of the accident . . . . It hasn't anything to do, — in other words there is no causal connection in reason or common sense between the possessing a license and the manner in which an automobile is driven at the time of an accident. It is a mere condition and it cannot be considered a cause of an accident, or certainly not in this case and I am unable to see how it ever can. So that I instruct you that the fact that the defendant's car was being driven by a person who had a Rhode Island license and not a Massachusetts license, cannot be taken as any evidence of negligence causing this accident."

It is assumed for the purpose of this decision that the statute of Rhode Island requiring operators of motor vehicles to have licenses has for its aim the protection of the public by confining the right to operate such vehicles in that State to persons shown to be qualified. Pub. Laws of R. I. 1916, c. 1354, § 7. See *Bourne* v. *Whitman,* 209 Mass. 155, 171; *Gordon* v. *Bedard,* 265 Mass. 408, 412. Our court has held that previous experience of the operator of a street railway car is not material or competent to prove that he was negligent or failed to exercise reasonable care at the time of an accident in which he is involved. *Lang* v. *Boston Elevated Railway,* 211 Mass. 492, 493. *Hunt* v. *Boston & Maine Railroad,* 250 Mass. 434. *Pendleton* v. *Boston Elevated Railway,* 266 Mass. 214, 218. The general rule seems to be that evidence that a plaintiff or defendant is commonly a careful and skilful man is not competent to prove that he was not negligent

at a particular time. *Tenney* v. *Tuttle,* 1 Allen, 185. *McDonald* v. *Savoy,* 110 Mass. 49. These cases involved no violation of a criminal statute, while G. L. c. 90, §§ 10, 12, enacted to secure fitness to operate and skill in the management of a motor vehicle, are penal statutes in the form of positive prohibitions. In a case where it appeared in evidence that the operator of a motor vehicle had no license at the time of the accident, the court held that evidence that he never had one was incompetent on the issue of his due care. This issue can be " determined only by his conduct at the time when the accident occurred. If the jury found, upon the facts as shown by the evidence, that his conduct did not contribute to his injury, his previous inexperience would be immaterial." *Polmatier* v. *Newbury,* 231 Mass. 307, 309.

In *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 516, the court said: " A violation of a statute, ordinance or regulation, although not conclusive, is evidence of negligence on the part of a violator as to all consequences that the statute, ordinance or regulation was intended to prevent." In *Bourne* v. *Whitman,* 209 Mass. 155, 171, 172, the license of the driver of the defendant's automobile expired by its own limitation the day before the accident. His application for renewal was dated two days before the accident and the new license was issued two days after the date of the accident, and there was evidence that he had driven an automobile forty thousand miles. The court said: " The operating of the automobile in itself is unobjectionable. The illegal element in the act is the failure to have a license. The purpose of the requirement of a license is to secure competency in the operator. If in any case the failure to have a license, looking to those conditions that ordinarily accompany the failure to have it, is a cause contributing directly to an injury, a violator of the law would be legally responsible to another person injured by the failure; or, if he is injured himself, would be precluded from recovery against another person who negligently contributed to the injury. But we are of opinion that his failure in that respect is

only evidence of negligence in reference to his fitness to operate a car, and to his skill in the actual management of it, unless in the case of the plaintiff, it is shown to be a contributing cause to the injury sued for, in which case it is a bar to recovery . . . . The jury should have been instructed that the defendant's failure to have a license was only evidence of his negligence as to the management of the car." In *Holland* v. *Boston,* 213 Mass. 560, 561, 562, the plaintiff, who was driving his own automobile without having a license to operate, sought to recover damages for a defect in the highway. The court, speaking through Sheldon, J., said this fact " was not necessarily fatal to his right to recover. It was merely evidence of his negligence in the management of his machine, to be considered by the jury in connection with the other evidence bearing upon that question." The other evidence to which reference was therein made apparently related to driving the automobile in such a manner that it struck a rope suspended across a public way. In that case the plaintiff's license as chauffeur had expired about three months before the accident and had not been renewed. In *Holden* v. *McGillicuddy,* 215 Mass. 563, 564, the accident occurred in Vermont and the court, assuming the common law of Vermont to be like that of Massachusetts, said: " Under our decisions the illegal conduct of the plaintiff in operating his machine without a license to do so was merely evidence of negligence on his part. But on the whole evidence the jury have found, not only that he was in the exercise of due care, but also that this illegal conduct did not contribute to the injury sued for. Under the common law, therefore, it was not a bar to his recovery."

In *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, 395, it appeared that the plaintiff, who was driving the automobile, had for several years held an operator's license, but at the time of the accident his license had expired and had not been renewed. The court said: The failure to have a license " was some evidence of his negligence in operating the car, but it was not conclusive and

did not warrant the ordering of a verdict." In *McMahon v. Pearlman,* 242 Mass. 367, 370, the court held that the operation of an automobile without a license by the individual defendant who caused injury to the plaintiff while so operating it would not preclude recovery against an insurance company which had issued a liability policy of insurance on the vehicle, unless the failure to have the license was a direct and proximate cause contributing to the injury. In *Conroy* v. *Mather,* 217 Mass. 91, the jury found that the driver who held no license to operate a motor vehicle for hire as required by statute was not in the exercise of due care. It appeared that he had an operator's license, and the court in an opinion by Sheldon, J., said at page 92: " even this was invalid, for at the time of the accident he had not ' endorsed his usual signature on the margin of the license, in the space provided for the purpose.' St. 1910, c. 605, § 3. It follows that . . . [he] was acting unlawfully in driving this automobile without being licensed to do so." The court also said that if the plaintiffs employed the driver for hire, as the jury might have found, the plaintiffs were also acting unlawfully; and the trial judge was held to have erred in refusing to instruct the jury that if the driver was not specially authorized to operate motor vehicles for hire this was evidence that the plaintiffs were not in the exercise of due care. " They may have supposed, and there is nothing to indicate that they did not suppose, that . . . [the driver] had the necessary license and was not acting against the prohibition of the statute. No doubt they were bound to refrain from making an unlawful contract, and to see to it at their peril that they selected a duly registered automobile and employed a duly licensed chauffeur or operator." (Pages 93, 94.) In *Griffin* v. *Hustis,* 234 Mass. 95, 100, the plaintiff was riding with a chauffeur employed for hire who had an operator's but not a chauffeur's license, and the defendant contended that because of this violation of law the plaintiff was precluded from recovering. The court following *Conroy* v. *Mather, supra,* said " the plaintiff's violation of the provisions of this act

is some evidence of negligence. But it could not be ruled that such negligence directly contributed to his injuries, so as to preclude him as matter of law from recovering." In *McDonough* v. *Vozzela,* 247 Mass. 552, the negligence alleged in the declaration was that of the defendant, his agent or servant in the propulsion and control of the automobile owned by the defendant. The trial judge, after referring to the fact that driving without a license by the defendant's agent was a violation of law, charged, subject to the defendant's exception, that " it was also a violation of the law for the defendant to allow his automobile to be driven without a license, if he knew it and knew the driver had no license. Those were violations of law, and can be used in considering the evidence of negligence, if you find the defendant negligent and that negligence had anything to do with the accident; you are to take them into account and give them such weight as you think you ought to." This exception was overruled. This court said at page 560: " The charge was in accordance with the statute. G. L. c. 90, §§ 12, 20." See *Gordon* v. *Bedard,* 265 Mass. 408, 413.

These decisions seem to have established two rules (1) that the violation of the statute forbidding a person to operate a motor vehicle upon a way unless licensed is evidence of negligence of the operator to be considered by the jury with the other evidence tending to prove his negligence, and (2) that the violation of the statute forbidding an owner to allow an unlicensed person to operate his motor vehicle is evidence for the consideration of the jury bearing on the negligence of the owner. In *Brown* v. *Alter,* 251 Mass. 223, 224, a case dealing with the operation of an unregistered motor vehicle, the court said: " The congestion upon highways has become so great that the general public safety seems to demand that there be no relaxation of the requirement of due care on the part of all travellers." We are not inclined to depart from the rules established by our cases and follow decisions in other jurisdictions like *De Vite* v. *Connecticut Co.* 112 Conn. 670, holding that violation of a statute forbidding a person to

operate a motor vehicle without a license is an immaterial consideration in the determination of his negligence in operating a motor vehicle. In the case at bar the jury should have been permitted to consider with the other evidence bearing on the defendant's negligence the fact that his agent was driving without a Massachusetts license. The part of the charge to which exception was saved was erroneous in not permitting the jury to consider this evidence, and the entry must be

*Exceptions sustained.*