Rowe, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries which he alleges he received because of the negligence of the defendant in operating a motor vehicle. There was a finding for the plaintiff and the defendant claims to be aggrieved by reason of the court’s refusal to grant four of his requests for rulings of law.
At the trial there was evidence tending to show that the plaintiff-was a passenger on a Boston Elevated bus. The bus was headed toward Chestnut Hill and the plaintiff occupied a “monkey seat” up in the right hand corner of the bus: The bus made a stop on the intown side of Burlington Avenue pulling in close to the curbing to take in passengers. After taking on' passengers at this stop-, the operator looked in his rear vision mirror and did not see any traffic approaching from his rear and started up by turning to his left-. Just after starting, there was a crash ón" the -left side' of thé bus and all of' a sudden the bus *491 stopped short and the plaintiff sustained injuries. The bus had only gone about 30 feet from where he had started when the bus operator felt a scraping noise along the left side of the bus and brought the bus to a stop. The bus operator got out and saw the car of the defendant up against the left side of the bus about 10 feet back from the front of the bus. The bus was 33-34 feet over all. The bus driver noticed damage to the side of the right front fender and right running board of the defendant’s automobile. At the time the accident occurred, the bus had its right side about three feet out from, the right curbing and the defendant’s car was straddling the center line of Brookline Avenue. Brookline Avenue is about 40 feet wide. There was evidence that the bus operator did not see the defendant’s automobile, either before the collision or at the time of the collision. There was also evidence that the plaintiff did not see the defendant’s car either before the collision, at the time of the collision or as they appeared on the highway after the collision. At the time of the accident the bus Avas headed straight ahead. The defendant was not licensed to operate at the time.
The defendant made the following requests for rulings:
1. Upon all the evidence the court is not warranted in finding for the plaintiff. 2. Evidence of the defendant having no license to operate a motor vehicle standing alone is not evidence of negligence. 3. Evidence of the defendant having no license to operate a motor vehicle standing alone is merely evidence of negligence which is conditional and not causal. 4. There is no evidence upon which the court could find that the defendant’s failure to have a license to operate a motor vehicle had any causal connection with the plaintiff’s accident.
The court denied the above requests, 1, 2 and 4. As to the third request the court ruled “Such evidence is evi *492 deuce of negligence but it is not conclusive, and in order to establish liability must be causal.”
(1) The first request was properly denied as it did not contain any specification of the grounds upon which it was based. Buie 27 of Buies of the District Courts.
(2) There was no error in the refusal to grant the defendant’s second request. The trial judge was not bound to deal with this request specifically by separating a fact from other facts and which was but a fragmentary portion of the evidence. Bourne v. Whitman, 209 Mass. 155, 163, 164. Ayers v. Rathshaky, 213 Mass. 589, 593.
(3) The judge ruled correctly with reference to the defendant’s third request that evidence that the defendant had no license to operate was evidence of negligence but it is not conclusive and in order to establish liability it must be causal. As was said in Leveillee v. Wright, 300 Mass. 382, concerning another violation of law, “such evidence does not make out actionable negligence unless the violation or violations can be shown to have been actually a proximate cause contributing to the injury suffered.”
(4) The major question in the instant case is presented by the defendant’s fourth request as to the possible legal effect of the fact of the defendant being unlicensed to operate a motor vehicle. To operate while so unlicensed is a violation of law. The contention of the defendant is that such violation is a mere condition and has no causal connection with the happening of the accident. The position of the plaintiff is that such a violation of law was evidence of negligence and could be found to be a proximate cause contributing to the accident.
“The violation of a penal statute is evidence of negligence as to all consequences that the statute was intended to prevent.” Baggs v. Hirschfield, 293 Mass. 1, 3, and cases cited. Cutler v. Johanson, Mass Ad. Sh. (1940) 1253, *493 1256. The purpose of licensing operators is to secure proper persons to operate. “Negligent operation of an automobile endangering the safety of other travellers is likely to follow if an unlicensed person is given complete control of its operation.” Gordon v. Bedard, 265 Mass. 408, 412. 'To be effective this violation must be a proximate cause of the accident. Leveillee v. Wright, 300 Mass. 382, Mass. Ad. Sh. (1938) 971, 976. The question as to whether a violation of law is a mere condition or a proximate cause has often been raised. Leveillee v. Wright, supra.
The question in the ease at bar as to whether the operator being unlicensed can be considered as a cause rather than a condition depends upon the legal effect to be given to that fact. That the operator is unlicensed is evidence not only of his unfitness to operate an automobile but also of “his skill in its actual management”. Conroy v. Mather, 217 Mass. 91, 93. Bourne v. Whitman, 209 Mass. 155, 171. Hence this evidence may supply the place of other evidence which might be directed to show unskillfulness in the actual management of the automobile.
Whether the violation of law is only a circumstance or a cause is generally a question of fact (Leveillee v. Wright, supra, 976) and the determination of that question is for the fact finding body. (Leveillee v. Wright, supra, 977).
We are of the opinion that in the instant case the trial judge could find that the defendant being unlicensed to operate an automobile was a proximate contributing cause of the accident and not a mere condition.
The bus was headed straight ahead as it stood after the collision; there had been a crash on its left side; the automobile was up against the left side of the bus in a damaged condition on its right side and straddling the center of the street. When the impact occurred the defendant was operating his automobile either skillfully or unskillfully. Since *494 Ms being unlicensed carries with it the consequence that such fact is evidence bearing on the sMll of actual management of the automobile the trial judge might have found that there was unskillfulness and that hence actionable negligence existed in considering the facts of the bus being Mt on its left side with the automobile up against it, 10 feet from its front, even if there was an absence of observation by witnesses of the automobile prior to the accident. There was no error in denying the defendant’s fourth request. Report dismissed.