CHARLES H. LYONS *vs.* WALTER W. JORDAN.

Cumberland.   Opinion February 21, 1918.

*Rule of proof where defendant would avoid liability on the ground of violation of law on part of plaintiff.   Presumption as to illegality.*

Action of tort to recover damages for injuries sustained by the plaintiff, a passenger in a car owned by one Morgan and driven by one Richardson, in a collision with a car owned and driven by the defendant.   The verdict was for the plaintiff.

*Held:*

1.   That the evidence was squarely contradictory as to the manner in which the accident happened, and the blame therefor, and the court is not convinced that the verdict is palpably wrong.

2.   That the evidence being silent upon the registration of the car in which the plaintiff was riding, the burden was on the defendant to introduce evidence of its non-registration if he relied upon that fact as a defense.   He who charges another with moral turpitude or legal delinquency must prove it.

The court therefore did not err in refusing to direct a verdict for the defendant on this ground.

3.   This conclusion renders it unnecessary to consider the question whether if the car was in fact unregistered the plaintiff, a passenger, was precluded from recovering of the defendant in this common law action of tort.

Action on the case to recover damages on account of injuries received by plaintiff through the alleged negligence of defendant in operating an automobile.   Defendant filed plea of general issue. At the conclusion of the evidence defendant requested the court to direct a verdict, which request was denied; to which ruling defendant filed exceptions and also motion for new trial.   Motion and exceptions overruled.

Case stated in opinion.

*Arthur D. Welch,* for plaintiff.

*Harry E. Nixon,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

CORNISH, C. J. On the morning of December 4, 1916, a collision occurred between an automobile owned by one Morgan, and driven by one Richardson, in which the plaintiff was riding as a passenger, and another automobile owned and driven by the defendant. The accident happened near the junction of Market and Congress Streets in the City of Portland. The car in which the plaintiff was riding was proceeding northerly on Congress Street toward Munjoy Hill. The car of the defendant was moving westerly from Market Street into Congress Street. The cars collided and the plaintiff was thrown out and injured. He recovered a verdict of one hundred dollars. The case is before the Law Court on a general motion to set aside the verdict and also on exceptions to the ruling of the presiding Justice declining to direct a verdict for the defendant.

So far as the general motion is concerned, it is sufficient to say that the evidence was flatly contradictory on the vital points. As usual in this class of cases growing out of automobile accidents, the plaintiff and his witnesses testified that he was traveling at a moderate rate of speed, seven or eight miles an hour, and observed all the necessary precautions to avoid trouble, and the defendant was driving rapidly and somewhat recklessly; while the defendant and his witnesses reversed the picture and threw all blame upon the plaintiff's driver. It was for the jury to decide between the antagonistic contentions, and their conclusion we are not disposed in this case to overturn. It is not so clearly wrong as to warrant reversal.

The motion for a directed verdict was based upon the fact that the plaintiff had failed to prove that the car in which he was riding was registered in accordance with the requirements of the statute, R. S., Chap. 26, Secs. 23, 28. The evidence is silent upon that point. The defendant contends that the burden was on the plaintiff to prove as a fact the registration of the car and in the absence of such evidence the action cannot be maintained.

Such is not the law. When the defendant would avoid liability on the ground of a violation of law on the part of the plaintiff, he, the defendant, must introduce affirmative evidence to prove the violation. It is for one who asserts the illegality of an act on the part of another to first introduce the evidence tending to prove his assertion. Wrong doing is not to be presumed. Illegality is not to be presumed.

Affirmative evidence must be introduced to prove it. "He who charges another with moral turpitude or legal delinquency must prove it." *Baxter* v. *Ellis,* 57 Maine, 178; *Scottish Com. Ins. Co.* v. *Plummer,* 70 Maine, 540-544. Shaw, C. J., in *Hatch* v. *Bagley,* 12 Cush., 27. This is settled law. *Timson* v. *Moulton,* 3 Cush., 269; *Wilson* v. *Melvin,* 13 Gray, 73; *Trott* v. *Irish,* 1 Allen, 481; 2 Chamberlayne Ev., Secs. 1222-1223; 10 R. C. L., page 881.

In *Doherty* v. *Ayer,* 197 Mass., 241, the precise question arose. No evidence was introduced either as to the registration of the plaintiff's car or the license of the driver. The contention of the defendant that therefore the plaintiff could not recover was overruled by the court in these words: "So far as appears, the automobile was duly registered and the plaintiff was duly licensed. The evidence tends to show that the plaintiff was a traveller lawfully using the way. Presumptions both of law and fact are always in favor of innocence. In cases somewhat analogous, when one would avoid liability on the ground of a violation of law by the plaintiff, he must prove the violation. *Goddard* v. *Rawson,* 130 Mass., 97, and cases there cited. See also *Temple* v. *Phelps,* 193 Mass., 297. In the present case the evidence introduced by the plaintiff made a prima facie case in his favor on this point."

The same is true in the case at bar. A prima facie case was made in favor of the plaintiff, and the motion to direct a verdict for the defendant was properly denied.

This conclusion renders it unnecessary to consider the question whether, if the car was in fact unregistered, the plaintiff, a passenger, could recover of the defendant in this common law action of tort. So far as the evidence shows here the car was registered and therefore this legal question does not arise. Its discussion would be in the nature of dictum.

*Motion and exceptions overruled.*