Sterling National Bank and Trust Company of New York, Appellant, *v.* Complex Dresses, Inc. (Formerly Co-Ed Dressmakers, Inc.), and Others, Respondents.

First Department, February 2, 1934.

*Samuel Seabury* of counsel [*Glass & Lynch,* attorneys], for the appellant.

*Eugene L. Bondy* of counsel [*Joseph Shalleck,* attorney], for the respondents.

Per Curiam. The main question presented upon this appeal is whether or nor the Co-Ed Dressmakers, Inc., made a bulk sale of its merchandise and fixtures in compliance with section 44 of the Personal Property Law. If it did not, the appellant is entitled to the relief which it sought. A careful consideration of the record leads us to the conclusion that appellant's contentions are, in the main, well founded.

Co-Ed Dressmakers, Inc., became insolvent in May, 1932. Prior to that time it was indebted to the appellant on a note. In October of that year appellant obtained a judgment for a balance due on the note. A committee of creditors was organized on May 20, 1932, after it was ascertained that Co-Ed Dressmakers, Inc., was insolvent. The appellant was not represented on the committee and took no part in the agreement pertaining to a

bulk sale of the assets of the insolvent corporation. Under the terms of this agreement, each creditor who was a party to it obtained seventy per cent of the amount of its claim. The plaintiff bank is the only creditor which did not accept the share which the debtor and the committee attempted to allot.

It is unnecessary to detail in full the testimony which was adduced upon the trial of the action. Appropriate motions were made at the close of the entire case. The plaintiff asked for judgment " to the extent necessary to satisfy that judgment of $2,800." The defendants, on the other hand, moved to dismiss the complaint. The court granted the motion to dismiss, apparently upon the theory that defendants had complied with the provisions of the Bulk Sales Law.

We believe in so doing the court was in error. The difficulty with defendants' contentions is that there was no actual sale of the assets. What occurred was a voluntary transfer of the assets to a representative of the debtors. In so far as the appellant is concerned, the transfer was in fact fraudulent. We do not doubt that the creditors' committee acted in good faith. On the other hand, it is quite apparent that the defendants were motivated by a desire to reap the benefits of a fraudulent transfer. This is evidenced by the fact that a considerable sum of money, running into thousands of dollars, and also a valuable trade name, found their way back into the hands of the debtors' nominees.

We have reached the conclusion that this plaintiff is entitled to judgment as prayed for in the complaint.

The judgment should be reversed, with costs, and judgment directed for the plaintiff as prayed for in the complaint, with costs.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

Judgment reversed, with costs, and judgment directed for the plaintiff as prayed for in the complaint, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.