BARNETT LUBINSKY, Plaintiff, *v.* BARNETT HOFFMAN and Another, Individually and as Copartners Doing Business as HOFFMAN & GLASSMAN, and Others, Defendants.

Supreme Court, Special Term, Bronx County, June 15, 1934.

*Meyer Levy*, for the plaintiff.

*Abraham Dlugoff*, for the defendants Barnett Hoffman and another.

*Benjamin H. Wicksel*, for the defendants Harry Duke and another.

McLaughlin (Charles B.), J.   The only manner in which the property of a debtor may be assigned and distributed for the benefit of creditors is in accordance with the provisions of the Debtor and Creditor Law; otherwise this law would just be an empty collection of words to be observed or not observed according to the whims and fancies of the debtor and his select group of creditors.   All decisions based on fact arising prior to April, 1925, are obsolete.   The Debtor and Creditor Law contains minute specifications of each step in an assignment for the benefit of creditors.   The Appellate Division of this department has amplified the statute law by a code of rules, which must be observed in the handling of debtors' estates.

It is quite evident that the debtors began to proceed under the Debtor and Creditor Law.   Section 3 of that law prescribes the form of an assignment for the benefit of creditors.   The assignment is not in conformity with that law.   It is not acknowledged.   This " is a prerequisite to the passing of title to property covered by a general assignment for the benefit of creditors." (*Rogers* v. *Pell*, 154 N. Y. 518, 529.)   Evidently realizing this, and apparently at a subsequent date to the original execution of the assignment deed, some one, while the paper was still in the debtors' control, changed it by inserting therein the following words, " all moneys not accepted by creditors to be returned to the assignors."   The purpose of this is clear.   The debtors, or some one acting for them, realized that they had no proper assignment deed under the Debtor and Creditor Law, and sought to make out a deed of trust recognized at common law.

There is nothing effective about a common-law deed of trust unless all of the creditors, including loan and merchandise creditors, join therein. Otherwise, such a common-law deed of trust is void. The Debtor and Creditor Law and the rules of the Appellate Division provide for rigid supervision over the estates of insolvent debtors. Parties must not be allowed to deal with insolvents' property at their own smart will. The law has been written into the Debtor and Creditor Law and its provisions must be followed and obeyed. Nor are the provisions of the Bulk Sales Act (Pers. Prop. Law, § 44) of service to the defendants in carrying out what they did with regard to the property of the insolvents. This was not a valid bulk sale, but was an illegal attempted assignment for the benefit of creditors. The Bulk Sales Act may not be used as a circumvention of the Debtor and Creditor Law and a transfer of assets in bulk of the insolvent debtor is fraudulent as to the plaintiff. (*Sterling National Bank & Trust Co. of New York* v. *Complex Dresses, Inc.*, 240 App. Div. 57, App. Div. First Dept.)

Judgment for plaintiff. Submit findings of fact and conclusions of law on notice.